Eva I. Davis et al., Respondents, v. S. S. Kresge Company, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. [See *ante,* p. 850.] All concur.

The People of the State of New York ex rel. Ralph L. Blaikie, Relator, against State Tax Commission, Defendant.— Review of a determination of the State Tax Commission denying revision of an unincorporated business tax assessment made against relator for the year 1935 under article 16-A of the Tax Law. Relator is a restaurant and food engineer. He is an expert as to equipment, operation and management of restaurants and dining rooms. He contends that this constitutes the practice of a profession entitling him to exemption from the unincorporated business tax imposed by article 16-A of the Tax Law. A second question is presented by his claim that during the tax year services of a similar nature were rendered by him to four specific corporations in the capacity of an employee and not as an independent business. Determination confirmed, without costs. (*People ex rel. Tower* v. *State Tax Commission,* 282 N. Y. 407; *Matter of Pennicke* v. *Mealey,* 266 App. Div. 888.) Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.

Samuel Simmons et al., Respondents, v. Sam Berger et al., Appellants, et al., Defendants.— This is an appeal from an order of the Sullivan County Judge denying a motion of the appellants to open their default and to vacate the judgment of foreclosure and sale herein. The motion is made on the ground that certain alleged material witnesses are in the armed service. Order denying appellants' motion to open default and vacate the judgment affirmed, with twenty-five dollars costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.

In the Matter of Clancy D. Connell, Relator, against State Tax Commission, Respondent.— Relator, a general agent, for the city of New York, Long Island and Westchester County, of the Provident Mutual Life Insurance Company of Philadelphia, asserts that an unincorporated business tax (Tax Law, art. 16-A) should not be assessed against him. Substantially the same question was determined in *People ex rel. Luther* v. *State Tax Commission* (265 App. Div. 976, affd. 291 N. Y. 691) adversely to relator's contention. In the *Luther* case exemption was claimed upon the ground that the relators were fiduciaries. Here the defense is that Connell is an employee of the insurance company. Determination confirmed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur. [See *post,* p. 1006.]

Eva Goggin et al., Appellants, v. Harry Kasulke et al., Respondents.— Appeal from a judgment of the Supreme Court in favor of defendants for costs, entered in the Sullivan County Clerk's office on January 30, 1942, upon the verdict of a jury of no cause of action, and from an order denying a motion to set aside the verdict and for a new trial. The action arises out of a collision between the automobiles of the parties which happened on March 1, 1940, at the intersection of the Woodbourne-Grahamsville State highway and the Liberty-Ellenville highway in Sullivan County in the hamlet of Woodbourne. It was undisputed that defendants' car skidded on the icy road and slid into the plaintiffs' car. The only point raised on this appeal is that the verdict was against the weight of the evidence. Upon this record a question of fact was presented as to the reasonableness of the speed of defendants' car as it approached the intersection in view of the icy condition of the roads, which the jury has resolved in defendants' favor. Judgment and order affirmed, with costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.