In the Matter of Andrew Schirrmeister, Individually and as Executor of Charles Schirrmeister, Jr., Deceased, Petitioner, against George M. Bragalini et al., Constituting the State Tax Commission, Respondents.

Third Department, June 9, 1959.

*Walter J. Lorina* and *Sidney Peilte* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondents.

BERGAN, J. The petitioner and his deceased brother were the equal owners of the stock of five corporations which had extensive real estate holdings. In order to effect some economy or efficiency in the operations of their five corporations, the two brothers in 1948 executed and filed a certificate of partnership as '' Schirrmeister Bros.'' and opened and maintained a bank account in this name.

Partnership tax returns were filed; the brothers as '' Shirrmeister Bros.'' maintained a complete set of books; paid expenses of some of the corporations; received payments from the corporations; made loans to the corporations and received payments of interest and principal on these loans; maintained an office; collected rents from tenants occupying real estate owned by the corporations; managed real estate, and distributed funds in the nature of compensation to the two brothers.

The State Tax Commission has ruled that the brothers were subject to the unincorporated business tax imposed by article 16-A of the Tax Law, during 1948, 1949 and 1950. This proceeding reviews that ruling.

Activities such as those in which the brothers were engaged for profit or income would constitute prima facie an " unincorporated business " as defined by section 386 of the Tax Law. The statutory definition sweeps in any " business " engaged in by an individual or partnership, " which, if conducted or engaged in by a corporation " would be subject to corporation taxes.

The handling of financial or collection services for a group of corporations could certainly be found to be a " business " in which a service corporation, for example, might be expected to engage; and, of course, the management of real estate as a service would usually be deemed a business. There is enough in the record to sustain the unincorporated business tax on the business activity shown, therefore, unless either of the two exceptions in the definition stated in section 386 applies to the business activities of the brothers.

One exception is that the " owner, lessee or fiduciary " shall not be within the definition " solely by reason of " the holding, leasing or management of real property. The brothers were not owners, lessees or fiduciaries in respect of the corporate properties; nor were their business activities " solely " concerned with holding, leasing or management. These activities were broader, in respect, for example, of loans and servicing of loans to the corporations.

Nor do they fall within the other exception in the statute on which the main argument of petitioner is based and which takes out " compensation for services " rendered by a person as " an officer of a corporation ". The brothers were not on the payroll of the corporation; they were paid for services by the partnership. Whatever convenience or economies may have been intended, the actual form and execution of the arrangement made by the brothers was to set in being an activity which could be held to be what the Tax Commission has found it—an unincorporated business within the words of the statute. Tax statutes must, in the nature of things, be read literally (*Matter of Sverdlow* v. *Bates,* 283 App. Div. 487, 491; cf. *People ex rel. Feinberg* v. *Chapman,* 274 App. Div. 715).

The determination should be confirmed, with $50 costs.

FOSTER, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Determination confirmed, with $50 costs.