■ In the Matter of PAUL W. HARDY, Petitioner, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— STALEY, JR., J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term entered in Albany County) to review a determination of the State Tax Commission holding that petitioner is liable for an unincorporated business tax for the year 1957. This is a proceeding under article 78 of the CPLR to review a final determination of the State Tax Commission which sustained an assessment of an unincorporated business tax imposed under article 16-A of the Tax Law for the year 1957. Petitioner challenges the assessment on the grounds that the income he received from General Printing Company during the year 1957 was paid to him as an employee of that company and was, therefore, not subject to the unincorporated business tax. During 1957 the petitioner was a sales representative for the General Printing Company of Fort Wayne, Indiana, conducting his business in the northeast region of the United States. He had worked for the company since the 1920's, selling its products on a commission basis, and had been a vice-president of the company without salary for 10 years. The company was engaged in printing advertising placards and displays specializing in servicing paint companies and distributors. Whenever the company received an inquiry from a firm in petitioner's area, they requested him to follow through and furnish a weekly report of his progress. Petitioner maintained an office at 271 Madison Avenue in New York City, and the General Printing Company was listed in the New York City telephone directory at that address with the telephone number of petitioner's office. The company paid the petitioner the sum of $2,500 a year toward the expenses of maintaining the office at 271 Madison Avenue. In addition to his representation of the General Printing Company, petitioner also sold various items for three other companies in the line of display and printed material which General Printing Company did not themselves manufacture, which business was carried on under the name of Paul W. Hardy Company, and the income for such business was admittedly subject to the unincorporated business tax. During the year 1957 the gross income derived from Paul W. Hardy Company was $5,046.65, and petitioner's income derived from General Printing Company was $40,974.20. During 1957 petitioner had an assistant salesman who worked with him on the General Printing Company account, and during that year, the assistant's salary was paid one half by petitioner, and one half by General Printing Company. Petitioner received 65% of his regular commission on all sales generated by his assistant. General Printing · Company withheld Federal income tax and Social Security payments from petitioner's compensation; included him and his wife in its hospitalization plan, contributing 75% of premiums in each year; and included petitioner in the company's

group life insurance plan which premiums were paid in full by the company. In all his correspondence with customers, relative to General Printing Company business, petitioner used the letterhead of General Printing Company. The only witness testifying for the petitioner at the hearing held by the Department of Taxation and Finance was petitioner's attorney, supported by an affidavit by the petitioner which confirmed in general the statements made by his attorney and which, in addition, stated that petitioner made two trips to the home office every year, and had visits from the executives in the company's sales department at his New York office. Although it is true that the factors presented by the petitioner in the record are some indicia of an employee's status, they cannot be said to be determinative thereof. (*Matter of Sundberg* v. *Bragalini*, 7 A D 2d 15, mot. for lv. to app. den. 6 N Y 2d 705; *Matter of Britton* v. *State Tax Comm.*, 22 A D 2d 987, affd. 19 N Y 2d 613.) Petitioner's attorney at the hearing further stated that the General Printing Company was interested more in results than in the amount of time the petitioner spent on the company's business, and further stated that in later years the petitioner spent less time on the company's business and produced fewer sales, and that this met with the approval of the company. Section 386 of the Tax Law provides that an individual shall not be subject to the unincorporated business tax with respect to compensation for services rendered by him as an employee, or as an officer of a corporation. In determining the issue of employer-employee relationship, it has been held that it is a question of control in the absence of which there can be no finding of employment. (*Matter of Morton*, 284 N. Y. 167; *People ex rel. Feinberg* v. *Chapman*, 274 App. Div. 715.) It has consistently been held that salesmen are not employees where they are not subject to direction or control as to the manner in which they are to make sales, by the concerns whose products they sell. (*People ex rel. Wittich* v. *Browne*, 270 App. Div. 774, affd. 296 N. Y. 720; *People ex rel. Feinberg* v. *Chapman*, *supra*.) It cannot be held that the commission was bound to find the proof in this record sufficient, and its determination that petitioner was not an employee within the meaning of section 386 was clearly warranted. Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Staley, Jr., J.