In the Matter of the Claim of BERNADINE A. PELOW, Respondent, v. SORK ENTERPRISES, LTD., et al., Appellants, and DAVID A. MONROE et al., Respondents. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, November 1, 1972.

*Coulter, Fraser, Carr, Ames & Bolton (Henry S. Fraser* of counsel), for appellants.

*John Henry* for Bernadine A. Pelow, respondent.

*Robert J. Chojnacki* for Uninsured Employers' Fund, respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the alleged employer Sork Enterprises, Ltd., and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 20, 1971, which found that Sork Enterprises, Ltd. was the employer of the claimant's decedent although said decedent had been originally employed by the respondent David Monroe.

It is not disputed that the actual hiring of the decedent was done by the respondent Monroe and that appellant Sork Enterprises, Ltd. (Sork) had not expressly authorized such hiring and had no knowledge that it was employing the decedent for any purpose.

The Referee found that Monroe was not an employee of the employer Sork and that the decedent was an employee of Monroe. The board found that Monroe was an employee and accordingly that the decedent was an employee and, of course, that finding governs if supported by substantial evidence.

The sole issue for the board was whether or not the respondent Monroe was an independent contractor and upon this appeal the issue is whether or not the record contains substantial evidence to support the factual findings of the board and its conclusion that Monroe was an employee of Sork (cf. *Matter of Preston v. King,* 38 A D 2d 640).

The board found " that through the experience and knowledge of its president, Sol L. Sorkin, Sork Enterprises, Ltd., knew David A. Monroe as an experienced and skillful man in theatre maintenance work; as one who required no supervision and who worked for $5.00 an hour, and said sum is a fair and reasonable wage; that by the agreement as set forth above, and Monroe's testimony that Sork Enterprises, Ltd. selected and supplied the materials, controlled the time and place of the work activities and could terminate those activities or discharge Mr. Monroe at its will, that such control created an employer-employee relationship and that while hanging doors in July 1969 and while painting the screen in August 1969 — in the Homer Drive-in Theatre, David A. Monroe was an employee of Sork Enterprises, Ltd. and not an independent contractor. We find further that through the experience and knowledge of its president, Sol L. Sorkin, Sork Enterprises, Ltd. knew that the said door hanging and screen painting required more than one workman, that David A. Monroe, as an employee and agent of Sork Enterprises, Ltd. had the implied authority to hire a helper in order to properly and promptly complete the work of record ".

The record establishes that in May or June of 1969 Sork contacted Monroe and asked him to replace some doors and clean and paint its out-door movie theatre screen. Monroe agreed to do it, in his words " when I have the time, I will go". In July of 1969 Monroe went to Sork's premises and with the decedent assisting him, he replaced the doors. Monroe billed Sork for such work without itemizing labor and Sork paid him the sum billed. In August of 1969 Monroe returned to the premises and after setting up his scaffolding equipment, he and the decedent commenced cleaning the theatre screen. The decedent was killed when he fell from the scaffold. Monroe did not complete the screen project because Sork directed him not to proceed any further and he did not bill Sork " because I had not done the job." It does not appear from the record that any representative of Sork was present at any time that Monroe and the decedent performed work in the premises pursuant to the agreement of May or June of 1969.

Specifically, the board found that Sork, by the knowledge of its manager, knew that Monroe " worked for $5.00 per hour ";

that Sork '' selected and supplied the materials ''; and that Sork '' controlled the time and place of the work activities ''. None of those findings are supported by reasonable inference from the evidence in this record. As to the materials used by Monroe, the record establishes that Sork supplied the credit for the purchase of such materials, however, it clearly appears that Monroe furnished all tools and equipment necessary for the job.

The governing rule has been well established that in deciding such relationship, factors such as the right to control; the method of payment; the furnishing of equipment; the right to fire and the relative nature of the work are tests to be applied and that such relationship, under some circumstances, may be established on the basis of one of these factual elements. (See *Matter of Grigoli* v. *Nito,* 11 A D 2d 581; *Matter of Bianculli* v. *Times Sq. Stores,* 34 A D 2d 696.) To find on the present record an employer-employee relationship would do violence to the underlying principles established by court decision.

The decision should be reversed because of the lack of substantial evidence or any fair basis for reasonable inferences to support the factual findings of the board. (Cf. *Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652.)

The decision should be reversed, with costs against the Uninsured Employers' Fund, and matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, SWEENEY, SIMONS and REYNOLDS, JJ., concur.

Decision reversed, with costs against the Uninsured Employers' Fund, and matter remitted for further proceedings not inconsistent herewith.