◼ In the Matter of DAVID PRICE, Petitioner, v. STATE TAX COMMISSION, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, made after a hearing, which sustained assessments of unincorporated business taxes imposed under article 23 of the Tax Law for the years 1961, 1962, 1963, 1964 and 1965. To hold a sales representative subject to the unincorporated business tax "it must be found that (a) he maintains an office, or (b) employs one or more assistants, or (c) otherwise regularly carries on a business" (*Matter of Britton* v. *State Tax Comm.*, 22 A D 2d 987, 988, affd. 19 N Y 2d 613; see, also, Tax Law, § 703, subd. [f]). The respondent determined that petitioner, a furniture salesman, while he did not have any employees, used a room in his home as an office and the income received by him from the firms he represented from 1961 to 1965 "constituted income from his regular business of selling furniture and not compensation as an employee exempt from the imposition of the unincorporated business tax in accordance with the meaning and intent of section 703(b) of the Tax Law". Respondent further determined that "The firms for whom he sold merchandise did not exercise any substantial control or supervision over his sales activities or techniques or over the time he devoted to sales, except to limit the territory in which he could sell" and concluded that "the activities of petitioner * * * although requiring special knowledge and experience, did not constitute the practice of a profession exempt from the imposition of the unincorporated business tax in accordance with the meaning and intent of § 703(c) of the Tax Law." We find no basis to disturb the respondent's determination on the instant record. Clearly, subdivision (f) of section 703 of the Tax Law does not automatically exempt the petitioner from imposition of the unincorporated business tax (*Matter of Frishman* v. *New York State Tax Comm.*, 33 A D 2d 1071, mot. for lv. to app. den. 27 N Y 2d 483). Nor is he a professional entitled to exemption under subdivision (c) of section 703 (*Matter of Sundberg* v. *Gragalini*, 7 A D 2d 15, mot. for lv. to app. den. 6 N Y 2d 705). Finally, it cannot be said as a matter of law that petitioner was subject to such direction and control by those he represented as to qualify for exemption (*Matter of Hardy* v. *Murphy*, 29 A D 2d 1038; *Matter of Britton* v. *State Tax Comm., supra*; cf., *Matter of Greene* v. *Gallman*, 39 A D 2d 270). Determination confirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.