In the Matter of WILLIAM I. LAMPEL, Petitioner, v. MARIO A. PROCACCINO et al., Constituting the State Tax Commission of the State of New York, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission made after a hearing holding that petitioner is liable for an unincorporated business tax imposed under article 23 of the Tax Law for the years 1966 and 1967. The petitioner challenges the respondents' finding of taxability claiming that he has been an employee of Art Steel Company of New York City since 1925. Petitioner sells office furniture for Art Steel and has no other income. Petitioner covers a territory of New York City, Northern New Jersey and Philadelphia, servicing company accounts which are assigned to him. His only working desk space is provided by Art Steel. Petitioner engages no assistants or employees of his own. Although neither income nor social security taxes are withheld from petitioner's commissions, he is covered by company medical and group life insurance plans, the premiums for which are paid by Art Steel. The commission found that the petitioner did not carry the burden of proof that his principal had a right to control his activities. It relied primarily upon the failure of Art Steel to withhold income and social security taxes and the lack of coverage under unemployment insurance and workmen's compensation, and found the petitioner subject to tax. Upon the present record it does not appear that the commission's determination can be sustained. The petitioner was not an individual engaged in business in the sense contemplated by the Tax Law. The comptroller of Art Steel states that petitioner is considered an employee. His sole loyalty in the performance of his services is to the company, his orders are subject to company approval, and his accounts employment status, and key elements of his activities are subject to control by Art Steel. It is the degree of control and direction exercised by the employer that is determinative of whether or not a taxpayer is an employee (*Matter of Greene*

v. *Gallman,* 39 A D 2d 270, affd. 33 N Y 2d 778). Considering the nature of the business of selling office furniture and the nature of petitioner's duties and responsibilities, it is clear that Art Steel exercised the kind of control and direction which made petitioner an employee within the intendment of the Tax Law. Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.