(January 29, 1976)

■ In the Matter of BETTY SILVER et al., as Coexecutors of HENRY F. SILVER, Petitioners, v NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which found that petitioner was carrying on an unincorporated business under article 23 of the Tax Law and upheld a determination of deficiency in the sum of $622.25. During the taxable year 1963, the taxpayer was a life insurance sales agent for the New England Mutual Life Insurance Company pursuant to a written agreement with the company's general agent. Taxpayer's contract with the general agent contained a paragraph which states that "nothing in this contract shall be construed to create the relationship of employer and employee" between the taxpayer and the general agent. However, section 8 thereof declared that the contract would be terminated and unpaid commissions forfeited if the taxpayer should "fail to submit any applications for policies" to the company. During the taxable year 1963, taxpayer received commissions from New England in the amount of $33,499.55, and other commissions totaling $15,111.36. Taxpayer was housed in the offices of the general agent who furnished him with stationery, a telephone, and secretarial services. The taxpayer, however, was charged approximately $18,000 by the general agent for the use of the office and clerical services. He was permitted as a credit against these charges, a sum equal to 20% of the first year premiums on life insurance placed with New England Mutual Life Insurance Company. In 1963, taxpayer received a credit of $7,947.89. Taxpayer was not covered by the general agent for workmen's compensation or unemployment insurance. He was covered by Social Security, and was a member of the company retirement plan. The general agent did not withhold Federal or New York State income taxes from commissions paid to taxpayer. The taxpayer regularly attended sales meetings held by the company at which the latest sales methods were presented. He was free, however, to direct his own activities, the time, place and manner for the solicitation of applications for policies. The contract between taxpayer and New England Mutual did not specifically require that he offer all of his business to New England Mutual before offering it to another company. The State Tax Commission Hearing Officer found as a fact that petitioner "was under a moral, but not a legal, obligation to first offer all of his life insurance business to the company." After a hearing on the petition for a redetermination of deficiency, the State Tax Commission found that the income received by taxpayer during 1963 from New England Mutual and the other insurance compenies with whom he placed insurance constituted receipts from his regular business as an insurance salesman. The income was not compensation as an employee exempt from the unincorporated business tax pursuant to subdivision (b) of section 703 of the Tax

Law. The Tax Commission denied the petition and sustained the notice of deficiency issued May 1, 1967, in the sum of $622.25. In this article 78 proceeding, petitioners (coexecutors of the estate of Henry S. Silver, who died September 7, 1973, during the pendency of this proceeding) contend that the determination of the State Tax Commission should be annulled, on several grounds. The determinative issue in this proceeding, however, is whether there was substantial evidence to support the Tax Commission's decision finding that the taxpayer was an independent entrepreneur. Subdivision (a) of section 703 of the Tax Law defines an unincorporated business as "any trade, business or occupation conducted, engaged in or being liquidated by an individual or unincorporated entity". An individual is not deemed to be engaged in an unincorporated business with respect to compensation for services rendered as an employee (20 NYCRR 281.3 [a]). The issue for determination before the State Tax Commission was whether taxpayer was an employee of the New England Mutual Life Insurance Company, or whether he was an individual engaged in an unincorporated business. In the case of *Matter of Greene v Gallman* (39 AD2d 270, affd 33 NY2d 778), this court thoroughly considered the general status of persons such as the taxpayer herein employed through general agents pursuant to career contracts with the New England Mutual Life Insurance Company and reference should be made to that case for the appropriate statutes and regulations applicable herein. Unlike the *Greene* case, the record herein establishes that the petitioner was directly paying for his own office space and clerical help. Upon this record it cannot be said, as a matter of law, that the taxpayer was an employee. The decision is supported by substantial evidence and, accordingly, must be confirmed. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.