■ In the Matter of MAX R. LIBERMAN, Petitioner, v NORMAN S. GALLMAN et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission, made after a hearing, holding that petitioner is liable for unincorporated business tax imposed under article 16-A of the Tax Law for the years 1958 and 1959, and under article 23 of the Tax Law for the years 1960 through 1963. Petitioner sought exemption from the unincorporated business income tax assessed against him by the respondent State Tax Commission on the ground that he was the employee of another during each of the tax years in question (Tax Law, §§ 386, 703, subd [a]). His applications for that relief were denied after a hearing and petitioner commenced this proceeding to review those adverse

determinations. Respondents' factual findings are not challenged and reveal that petitioner had been engaged since 1940 by the Reider Shoe Manufacturing Co., Inc. (hereinafter Reider), to sell its merchandise on a commission basis. Petitioner also had some advisory duties involving the styling and merchandising of Reider's product line and maintained an office/showroom in New York City staffed with a secretary. He was partially compensated for those services and reimbursed for those expenses by means of an overriding commission based on all sales of the company. Although petitioner leased the office space in his own name and paid the secretary, his stationery and office door, as well as the building and telephone directories, prominently displayed Reider's name. The telephone was answered in the name of Reider and that concern has demanded the discharge of certain secretaries in the past. Finally, Reider is headquartered in Pennsylvania and deducts both social security and disability benefit taxes from petitioner's commissions, but does not withhold any income taxes. From the foregoing limited facts, it would appear that respondents were certainly not *required* to find that petitioner was an employee of Reider *(Matter of Frishman v New York State Tax Comm.,* 33 AD2d 1071, mot for lv to app den 27 NY2d 483), even though some of the noted factors could arguably be regarded as indicative of an employee's status *(Matter of Hardy v Murphy,* 29 AD2d 1038). Both parties, however, recognize that it is the degree of control and direction exercised by the claimed employer which is determinative of the issue of a taxpayer's employment *(Matter of Greene v Gallman,* 39 AD2d 270, affd 33 NY2d 778) and therein lies the true dispute between them. Respondents maintain that petitioner was left essentially unguided by Reider which was interested only in results, whereas petitioner insists that he was frequently ordered by the company to report his progress, develop specified potential accounts, attend certain meetings, and otherwise conform his selling activities to Reider's will. Unfortunately, respondents' findings cast little light on this critical area, but it is clear that petitioner was required to obtain the approval of proposed customers from Reider before taking their purchase orders and that Reider could unilaterally designate certain customers as "house accounts" upon which petitioner would receive no commission for goods later sold to them. Furthermore, petitioner's efforts were solely for the benefit of Reider and he never represented any other entity or earned remuneration from other sources (cf. *Matter of Silver v Gallman,* 51 AD2d 633; *Matter of Cohen v Gallman,* 48 AD2d 754; *Matter of Hardy v Murphy, supra).* In addition, the record reflects that petitioner accounted for approximately 75% of Reider's total sales and, under that somewhat unique situation, it is hardly surprising that petitioner's daily activities were apparently left to his own discretion with a minimum of supervision. We are persuaded that Reider exercised all the direction and control that it could realistically be expected to exert under the circumstances to continue petitioner as an employee within the intendment of the Tax Law. Accordingly, respondents' contrary determinations should be annulled and the matter remitted for further proceedings not inconsistent herewith (Matter of Lampel v Procaccino, 46 AD2d 966; *Matter of Greene, supra).* Determinations annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, Kane and Reynolds, JJ., concur; Koreman, P. J., and Larkin, J., dissent and vote to confirm in the following memorandum by Koreman, P. J. Koreman, P. J. (dissenting). We would confirm respondents' determination. Where, as here, there are facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination. A determination of the Tax Commis-

sion will not be disturbed by the courts unless shown to be erroneous, arbitrary, or capricious. Under the facts of the present case, the burden which petitioner must shoulder in order to establish that he is entitled to exemption from the tax has not been met *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Finance of State of N. Y.,* 39 NY2d 75; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193; *Matter of Hardy v Murphy,* 29 AD2d 1038). The determination should be confirmed.