HON JOSEPH FRIEDMAN Town Attorney, Wawarsing
This is in response to your letter wherein you join in the request made by the Supervisor of the Town of Wawarsing for an opinion of the Attorney General concerning conflicts of interest under Article 18 of the General Municipal Law or under the code of ethics adopted pursuant to Article 18. Your original letter was followed by a second letter clarifying the town's request for an opinion.
The above-mentioned letters state the facts of the problem as follows: The Town of Wawarsing has retained, on a contract basis, the services of a certain engineer's firm to act as engineer for the town when engineering services are required. Payment for services is on the basis of a pre-arranged hourly charge or a lump sum, depending upon the specific project. This engineer sits at meetings of the Town Board and the Town Planning Board and he advises these bodies, as the engineer of the town, as to whether or not subdivision and site plans submitted for review have met the engineering and surveying requirements of the town's subdivision regulations. He is also an adviser to the town's Code Enforcement Officer. The individual's associates in his engineering firm also perform similar work for the town. No other engineer is retained by the town unless there is an obvious conflict of interest when the individual or his associates are representing a private client before a town board. The individual and his associates also perform services for other towns in New York State on a similar basis. The individual and his associates are not full-time employees of the Town of Wawarsing in that no contributions are made by the town for social security, workmen's compensation or retirement benefits, nor are they specifically appointed to the office of town engineer.
Therefore, the town inquires whether the engineer in question or his associates would be prohibited, under either the General Municipal Law, Local Law No. 2 of 1970 of the Town of Wawarsing or the standards of ethics and conduct governing licensed engineers in New York State from performing the following activities for private clients: (1) making boundary line surveys within the Town of Wawarsing (2) making topographic and construction surveys of lands within the town where approval from the town either is or is not required (3) making topographic and construction surveys within the town where the work is performed by employees of the engineer in question, but not by him personally, when the town engages the services of another engineer to review the work.
General Municipal Law, § 801, provides in pertinent part as follows:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, (c) appoint an officer or employee who has any of the powers or duties set forth above * * *." (Emphasis supplied.)
Under section 806 (1) of the General Municipal Law, the governing body of a town is mandated to adopt a code of ethics for the guidance of its officers and employees. The code may be more restrictive than the provisions of section 801, but it cannot permit what Article 18 proscribes. Pursuant to this statutory mandate, the Town of Wawarsing adopted Local Law No. 2 of 1970, which provides, in part, as follows:
 "§ 3. Standards of conduct. Every officer or employee of the town of Wawarsing shall be subject to and abide by the following standards of conduct:
* * *
 "(c) Representation before one's own agency. He shall not receive, or enter into any agreement, express or implied, for compensation for services to be rendered in relation to any matter before any municipal agency of which he is an officer, member or employee or of any municipal agency over which he has jurisdiction or to which he has the power to appoint any member, officer or employee.
* * *
 "(g) Private employment. He shall not engage in, solicit, negotiate for or promise to accept private employment or render services for private interests when such employment or service creates a conflict with or impairs the proper discharge of his official duties."
Section 2 defines the term "municipal officer or employee" as follows:
 "§ 2. Definition. (a) `Municipal officer or employee' means an officer or employee of the town of Wawarsing, whether paid or unpaid, including members of any administrative board, commission or other agency thereof. No person shall be deemed to be a municipal officer or employee solely by reason of being a volunteer fireman or civil defense volunteer, except a chief engineer or assistant chief engineer." (Emphasis supplied.)
Both section 801 and Local Law No. 2 of 1970 of the Town of Wawarsing are thus only applicable to an "officer or employee" of the Town of Wawarsing.
Town Law, § 20 (2) (a), provides that a town board may
establish the office of town engineer and fix the salary of such officer. In addition, the town board may employ such expert engineering service in respect to any particular subject matter, improvement or proceeding, as it may necessarily require. Section23 of the Town Law requires that the office of town engineer be held by an elector of the town (except in towns having no resident engineer). Under section 24, the town engineer shall hold office until the first day of January following the first biennial town election held after his appointment.
Under the above provisions of the Town Law, it appears that the engineer who is the subject of your inquiry is not the "town engineer" who would thereby be a town officer, but is only retained by the town to perform specific, although numerous, functions. Since he does not hold the term of office as prescribed in section 24 of the Town Law, he would not be considered an "officer" of the town.
Since the engineer in question is not an officer of the town, the question thus becomes whether or not he is an "employee" of the town, as opposed to being considered an independent contractor. It has been said, in a case considering whether a person was or was not an "employee" of a municipality, that "[a]n employee is one who works under the supervision and direction of his employer who controls the manner in which the work is done; the sine quanon being control. * * *" (Co. of Erie v. Bd. of Trustees,62 Misc.2d 396, 400 [Erie Co. Sup. Ct. 1970].)
In People ex rel. Feinberg v. Chapman, (274 App. Div. 715,718 [1949]), it was stated that:
 "The broad distinction in law between independent contractors, whose services constitute their own `business' though performed in the furtherance of the `business' of another * * * is clear enough. It is a question of control, in the absence of which there can be no finding of employment * * *. But the degree of control which must be reserved is one which the nature of the problem does not permit to be stated in terms of a precise mathematical formula * * *." (Emphasis supplied.)
And, more recently, it has been held that the factors such as the right to control, the method of payment, the right to fire and the relative nature of the work are tests to be used in determining whether an employer-employee relationship exists. (Matter of Pelow v. Sork Enterprises, 39 A.D.2d 494, 496
[1972].)
Under the above cases, a factual analysis of the actual duties of the engineer and his relationship to the Town of Wawarsing is necessitated.
The fact that the engineer is paid on the basis of an hourly fee or lump sum, the fact that he performs services apparently independent of anyone's "control", the fact that he has no tenure or employment rights of any kind, the fact that no contributions are made by the town to social security or workmen's compensation and the fact that he performs services for other towns in the state on a similar basis should all be noted in determining whether he is an "employee" of the Town of Wawarsing. Considering these factors, it appears that the individual lacks many of the incidents of employment, particularly that of being under the "control" of the town, and that he performs services which must, therefore, be construed as falling within the category of an independent contractor.
We conclude that an engineer retained by the Town of Wawarsing to act as engineering consultant to the town, given the nature of his relationship to the town as described herein, is not an "officer or employee" of the town. Therefore, his representation of private clients before the various town boards and the performance of other engineering services involving property within the town is not proscribed by either section 801 of the General Municipal Law or Local Law No. 2 of 1970 of the Town of Wawarsing.
The town, of course, may wish to consider a revision of Local Law No. 2 of 1970 to cover the type of services performed by the individual described herein.
With respect to your mention of rules of ethics governing licensed engineers in New York State, you may wish to know that the State Education Department, which has jurisdiction over the licensing of engineers in this State, does not promulgate a code of ethics governing the conduct of licensed engineers. The New York State Society of Professional Engineers does have a code of ethics which would be applicable only to those engineers who were members of the society. In any event, it is the policy of this office not to comment upon questions of professional ethics.