■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DILLON, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered September 26, 1975, convicting defendant on his plea of guilty of the crime of criminal sale of a controlled substance in the third degree. Defendant was sentenced to a period of imprisonment with a minimum term of one year and a maximum of life. On this appeal he contends the sentence was harsh and excessive since lifetime probation should have been imposed as an alternative owing to his material assistance in the investigation and apprehension of other drug offenders (Penal Law, § 65.00, subd 1, par [b]). We have examined the question and find no merit in his arguments *(People v Eason,* 40 NY2d 297). Judgment affirmed. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.

■ In the Matter of ALBERT SINGER, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission made after a hearing which denied petitioner's application for a refund and redetermination of unincorporated business taxes imposed under article 23 of the Tax Law for the years 1964, 1965 and 1966. Petitioner was a sales representative for several noncompeting furniture enterprises during the tax years in question. He claims that his services were rendered as an employee and challenges the opposite conclusion drawn by the State Tax Commission that his activities were subject to the unincorporated business tax. Since it was not found that he maintained an office or employed assistants, our task is to decide whether substantial evidence supports the implicit determination that he otherwise regularly carried on a business (Tax Law, § 703, subd [f]). The record reveals that none of the purported employers withheld income or Social Security taxes from petitioner's earnings, nor was he paid for vacations or allowed to participate in health insurance programs. Although he was directed to attend certain functions by some of these firms and was required to meet with specified customers at different times, he was not prevented from representing the various concerns simultaneously and urging the purchase of their wares during his travels. He was compensated by each on a straight commission basis for sales actually made and had little or no discretion in arranging the terms of such transactions. Other factors appear in this record which lend some support to the respective positions of the parties. However, since we are unable to say that petitioner was subject to such direction and control by the supposed employers as to conclusively resolve the question in his favor, we cannot disturb the present determination, founded on substantial evidence, that he was an entrepreneur *(Matter of Feld v Gallman,* 41 AD2d 882; *Matter of Price v State Tax Comm.,* 40 AD2d 930, mot for lv to app den 32 NY2d 609; cf. *Matter of Lampel v Procaccino,* 46 AD2d 966). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane and Mahoney, JJ., concur; Greenblott, J., not taking part.