OPINION OF THE COURT
George L. Cobb, J.
In this action wherein plaintiff seeks a declaration that New York’s minimum wage law (Labor Law, art 19) and a certain minimum wage order promulgated thereunder (12 NYCRR Part 139) are not applicable to the professional practice pro *390 gram of the plaintiff, each party has moved for summary judgment.
In order to maintain its national accreditation and the eligibility of its graduates to be admitted to the New York State licensing examination for pharmacists, plaintiff must include in its pharmacy curriculum a professional practice program in which undergraduate students are placed under the tutelage of a licensed pharmacist/teacher in the place where the pharmacist conducts his practice. The defendant Industrial Commissioner has ruled that each student who participates in the program in a profit-making pharmacy is covered by New York’s minimum wage law and accordingly, each such student must be paid the minimum wage for all the time the student spends on the premises of the profit-making pharmacy even though the subject student will receive course credit upon his successful completion of the program and has paid tuition for instruction which includes the instruction he receives under the program. Accordingly, the plaintiff has instituted this action for declaratory relief.
New York’s minimum wage law demands that "every employer shall pay to each of his employees in every occupation” a specified minimum wage (Labor Law, § 652, subd 1, par [g]) and after defining "employee” for minimum wage purposes to include "any individual employed or permitted to work by an employer in any occupation” the statute (Labor Law, § 651, subd 5) then excludes from the coverage of the law certain categories of employment not here relevant. The core issue in this litigation is whether or not the subject students, when they participate at retail pharmacies in the aforesaid professional practice program of the plaintiff, are then individuals "employed or permitted to work by an employer in [an] occupation”, that is, are they then in the relationship which is now generally referred to as an employment relationship but which used to be more generally termed as the relationship of master and servant.
"[I]t is said that at common law there are four elements which are considered upon the question whether the relationship of master and servant exists — namely, the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of control of the servant’s conduct” (53 Am Jur 2d, Master and Servant, § 2; see, also, Matter of Pelow v Sork Enterprises, 39 AD2d 494, 496, affd 33 NY2d 944), but of all the distinguishing elements, it is the *391 power of control which is conclusive (Matter of Liberman v Gallman, 53 AD2d 766, 767, revd on other grounds 41 NY2d 774; Matter of Hardy v Murphy, 29 AD2d 1038, 1039).
Even a surface reading of the professional practice program of the plaintiff Albany College of Pharmacy reveals that the program "is directed, controlled, monitored and evaluated by the college” and not by the participating pharmacist. The participating pharmacist as well as the subject student and the college agree in advance and in writing as to the proper role of each in any student placement in the program. The pharmacist agrees to provide adequate instruction and explanations concerning the various professional competencies to be developed in the student. Those competencies are there described in detail, such competencies obviously are exclusively related to the professional practice aspect of a retail pharmacy operation rather than its profit-making aspect (cf. 20 NYCRR 203.11 [b] [4]) and the agreement contemplates close co-operation among all three interested parties so that the progress and achievements of the program may be properly evaluated. The program bans the participation of students in the commercial and housekeeping activities of the drug store and if any of the terms of the agreement are not followed, it may be terminated and the college may transfer the student out of the practice site.
Since, under the program, participating pharmacists lack the necessary power of control, the participating students cannot be deemed employees of the participating pharmacist nor can the latter be deemed the employer and it matters not that they may perform activities which an apprentice or learner might also perform while in an apprentice program wherein the employer can and does exercise control over the work and study activities of the apprentice. These students merely perform "work for their own advantage on the premises of another” rather than as the employee of such other and, therefore, do not fall within the coverage of the minimum wage law (Walling v Portland Term. Co., 330 US 148, 152).
The defendant’s cross motion will be granted to the extent that the court will grant a summary judgment and the plaintiff’s motion will be granted so as to award to plaintiff the declaratory relief prayed for in the complaint.