Paul R. White, Esq. Office of Mental Health
This letter is in response to your request for an opinion as to whether certain C.E.T.A. workers are State employees for purposes of §17 of the Public Officers Law. You state that the C.E.T.A. workers involved are all subject to the direction and control of State personnel and are regularly engaged in carrying out the functions of the Buffalo Psychiatric Center, but that some of them are on the payroll of the Buffalo Psychiatric Center while others are paid by either the City of Buffalo or the County of Erie.
There are four elements which are generally considered in determining whether the relationship of employer and employee exists: (1) the selection and engagement of the employee; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the employee's conduct. The courts have frequently and consistently held, however, that control is the determining factor, and that in any given situation, the employer is the one who holds the right to order and direct the servant in the manner in which the work shall be done. Hardyv. Murphy, 29 A.D.2d 1038 (3d Dept., 1968); Peer v. Babcock, 230 N.Y. 106
(1920).
Also relevant to the situation you pose is the doctrine of the loaned servant, which was clearly enunciated by the New York Court of Appeals in the case of Hartell v. Simonson Son Co., (1916) as follows:
 "the principles of law which control in this class of cases are quite well settled. A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, who is liable for his negligence."
Applying these principles to the facts of the situation you describe leads, in my opinion, to the conclusion that all of the workers involved are State employees for purposes of § 17 of the Public Officers Law, since they are doing the work of the State at the direction and control of the State for compensation, regardless of the source of the compensation.
As to the second aspect of your request, which posed the hypothetical situation of one of these C.E.T.A. workers becoming involved in an accident while operating a State vehicle and being sued for an amount in excess of policy limits and raised the question of whether such a worker would be given the benefit of § 17 representation and/or indemnification, this is not a topic on which I can express an opinion. Such determinations are mixed questions of policy and fact which cannot be made in the abstract, but must be made on a case by case basis. It is, thus, impossible to say whether representation and indemnification or either would be provided in any hypothetical situation, including the one you pose.
In summary, it is my opinion that the workers you describe are State employees so as to qualify for the possible benefits of § 17
of the Public Officers Law, but in the absence of an actual request, it is impossible to say whether such benefits would or would not be granted.