Richard T. Haefeli, Esq. Informal Opinion No. 99-33 Village Attorney Village of Westhampton Beach P. O. Box 1112 Westhampton Beach, N Y 11978
Dear Mr. Haefeli:
You informed us that a former member of the Village Police Department has commenced an action in federal court alleging violations of his constitutional rights under 42 U.S.C. § 1983. Named defendants in the action include several police officers, two members of the Village Board of Trustees and two attorneys hired by the Village to provide services in labor law matters. The complaint alleges that the defendants acted in their individual capacities and requests compensatory and punitive damages.
1. Defense and Indemnification of Independent Contractors Under StateLaw
The two labor law attorneys have requested that the Village defend and indemnify them in this action. The Village has provided for defense and indemnification of employees using section 18 of the Public Officers Law as its authorization. You informed us that the labor law attorneys were appointed by resolution of the Board of Trustees, were compensated at an hourly rate, received no benefits from the Village and are not considered employees of the Village. The first question is whether the Village is authorized to provide defense and indemnification to the labor law attorneys.
Section 18 of the Public Officers Law authorizes and establishes a procedure for defense and indemnification of local government employees. The governing body of a local government may enact legislation to adopt the provisions of section 18. Public Officers Law § 18(2). Under section 18, defense may be provided to an employee in any civil action or proceeding, State or federal, arising out of any act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties.Id., § 18(3)(a). Indemnification is conditioned upon a finding that the act or omission resulting in a judgment or settlement of a claim occurred while the employee was acting within the scope of his public employment or duties. Id., § 18(4)(a).
As you have noted, defense and indemnification under section 18 excludes independent contractors. The benefits of section 18 apply to an "employee," defined as follows:
 The term "employee" shall mean any commissioner, member of a public board or commission, trustee, director, officer, employee, volunteer expressly authorized to participate in a publicly sponsored volunteer program, or any other person holding a position by election, appointment or employment in the service of a public entity, whether or not compensated, but shall not include . . . an independent contractor. Id., § 18(1)(b).
Your question is whether the labor law attorneys are independent contractors and, therefore, are ineligible for defense and indemnification under the terms of section 18 of the Public Officers Law. You have asked the same question regarding the Village Attorney.
There are four elements which generally are considered in determining whether the relationship of employer and employee exists: (1) the method of selection and engagement; (2) the method of payment of compensation; (3) the procedure for dismissal; and (4) the power of control of the employee's conduct. Hardy v. Murphy, 29 A.D.2d 1038 (3d Dept 1968); Peerv. Babcock, 230 N.Y. 106 (1920). The courts frequently and consistently have held, however, that control is the determining factor and that, in any given situation, the employer is the one who holds the right to order and direct the employee in the manner in which the work shall be done.Id. Factors which are indicia of independent contractor status are payment on an hourly basis by voucher and no deductions from compensation for items such as withholding taxes, fringe benefits and retirement contributions. Op Atty Gen No. 97-F1. See also, Op Atty Gen No. 90-F11. This determination is a question of fact, which must be made locally, under standards that have been developed by the courts.
2. Defense and Indemnification of Independent Contractors by LocalLaw
If these attorneys are determined to be independent contractors, you have asked whether the Village may enact a local law to provide for their defense and indemnification. A municipality may enact a local law which supplements the provisions of section 18 of the Public Officers Law. 1988 Op Atty Gen (Inf) 44. We have considered this question in a prior opinion of this office:
 Further, in that a municipality would not control the actions of an independent contractor and would not be liable for his actions on the basis of respondeat superior (see, Johnson v. Daily News, 34 N.Y.2d 33 [1974]), generally, it would be inappropriate to provide defense and indemnification to an independent contractor by local law utilizing the authority provided by section 10 of the Municipal Home Rule Law. Op Atty Gen (Inf) 90-78.
Generally, defense and indemnification are authorized as terms and conditions of employment of employees of the municipality. Municipal Home Rule Law § 10(1)(ii)(a)(1); Corning v. Laurel Hollow, 48 N.Y.2d 348,354 (1979). They are part of the package of benefits provided to employees in return for their service to the municipality. Provision of defense and indemnification to an independent contractor would not fall within this statutory authorization.
3. Operative Date of Local Law Indemnifying Punitive Damages
You also have inquired when a new local law providing indemnification for punitive damages to police officers, members of the Board of Trustees and employees of the Village would become operative. Section 18 of the Public Officers Law excludes from its coverage indemnification for punitive or exemplary damages. Public Officers Law §18(4)(c).[1]
As you have noted, in a prior opinion we concluded that a local government by local law may supplement the provisions of section18 of the Public Officers Law and provide employees of the municipality with indemnification for punitive damages. Op Atty Gen (Inf) No. 93-21. This benefit may be provided only with respect to negligent acts or torts committed by the employee while acting within the scope of his or her employment. Id.
You are aware that a local law providing for defense and indemnification must be prospective in operation (Corning v. Laurel Hollow, 48 N.Y.2d 348
[1979]), and have requested that we specifically define a "prospective" law. We considered this question at length in Op Atty Gen (Inf) No. 91-4; copy enclosed.
 We note that the holdings in the above-cited cases do not deal with the precise definition of a "prospective" law. The quoted language from the opinions refers alternatively to future charges or claims and to expenses incurred in the future.
We concluded that a local law providing for defense and indemnification may cover only those employees who have not yet incurred defense costs even for causes of action that have already occurred. We reasoned that such a local law would meet constitutional requirements as part of an official's terms and conditions of employment, stating:
 We believe defense costs [and indemnification] may be provided to public officials as part of the package of benefits constituting the employment arrangement. Thus, in the normal course, this benefit would be provided by a municipality to all of its employees or to an identifiable class of employees. In providing this benefit to its employees prospectively, the municipality receives something public service, thereby providing the municipality with its work force. This benefit thereby serves a public purpose. Id.
Local defense and indemnification, however, is not required. Therefore, a local law providing this benefit by its terms may apply only to causes of action accruing subsequent to the effective date of the local law.
We conclude that a local government may enact a local law supplementing section 18 of the Public Officers Law in relation to defense and indemnification of officers and employees. Generally, a local government may not include in the local law defense and indemnification of independent contractors. Any local law providing for defense and indemnification must be prospective in operation.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
[1] Other statutory authority covers police officers. Under section50-j of the General Municipal Law, each city, county, town and village is liable for any negligent act or tort of a police officer committed in the performance of his or her public duties. General Municipal Law § 50-j(1). Additionally, a local government, in its discretion, may provide indemnification to a police officer in any civil action or proceeding for punitive or exemplary damages arising out of a negligent act or tort committed while the officer was acting within the scope of his or her employment. Id., § 50-j(6)(a).