Michael Catalano, J.
Defendant, the Board of Trustees of the Buffalo and Erie County Public Library (“Board”) and defendant, the Librarians Association of the Buffalo and Erie County Public Library (“Association”) seek a summary judgment “ declaring the Buffalo and Erie County Public Library (‘ Library ’) to be the public employer, within the meaning of the Public Employees’ Pair Employment Act, Article 14 of the Civil Service Law, (the Taylor Act) Chapter 392 of the Laws of 1967 of the State of New York, of the public employees in the following negotiating unit: All employees holding either full time or regular part time positions as Librarian Trainee, Junior Librarian, Senior Librarian I, Senior Librarian II, Senior Librarian III, Library Director I, Library Director II, or Library Director III, in the Buffalo and Erie County Public Library System ”. (Said public employees called the “Librarians.”)
This court finds the following facts to be true.
July 7, 1953, the Library was established pursuant to a resolution adopted by the Erie County Board of Supervisors, in accordance with chapter 768 of the Laws of 1953. (“The Library Enabling Act.”)
August 31, 1953, the New York State Board of Regents granted an absolute charter whereby the persons named therein were incorporated as a free public library under the corporate name of Buffalo and Erie County Public Library.
The Association is an employee unincorporated organization, designated by a majority of the Librarians as their exclusive representative pursuant to the Taylor Act. The Librarians are public employees within the meaning of that act.
In July, 1968, the Association petitioned the Board for recognition as the exclusive bargaining agent of the Librarians under the Taylor Act. July 29, 1968, the Board so recognized the Association. October 7,1968, the Association and the Board negotiated an agreement.
July 29,1969, the plaintiff’s County Executive officially stated that: “ The implementation of the Administrative Code of the Erie County Charter will not apply to the Buffalo and Erie County Public Library nor to the Erie County Technical Insti *398 tute inasmuch as both are under the operation directly of the Board of Trustees.”
The employees who work at the Library are classified pursuant to the New York State Civil Service Law in the same manner as other Erie County employees and they are subject to the Erie County Personnel Eules.
The Library submits its annual line item budget to the Erie County Budget Director and all appropriations made to the Library are subject to the budgetary procedure contained in the Erie County Charter and Administrative Code. It has no independent taxing power.
Plaintiff has recognized the Civil Service Employees Association (“ Plaintiff’s Association”) as the exclusive representative, inter alia, of the Librarians and is negotiating collectively with it.
The Library Enabling Act (L. 1953, ch. 768) provides, in part:
“ Section 1. The board of supervisors or other governing body of any county is hereby authorized and empowered to establish a free public library, with or without branches, to be known as a city and county public library and to levy and raise by taxation and appropriate such sums as shall be necessary to establish, equip and maintain such library and branches, provide buildings and accommodations therefor, and provide the necessary salaries and expenses of a director, deputy directors, librarians, assistants and other employees, which said sums shall be charges upon the county.”
“§ 2. The trustees of any city and county public library, when established as aforesaid, shall consist of fifteen members appointed by the board of supervisors or other governing body of a county, all of whom shall be citizens of the United States, at least eight of whom shall be electors of the city and at least five of whom shall be electors of the county outside the city.”
“ § 3. Within one month after taking office, the first board of trustees of the city and county public library shall apply to the board of regents of the state of New York for a charter.”
“ § 4. The fifteen trustees appointed as provided in section two shall serve without compensation and shall constitute a board which, upon the granting of a charter by the board of regents of the state of New York, shall be a body corporate, and shall have all the powers and duties of trustees of other educational institutions of the university of the state of New York, including but not limited to the following exclusive powers and duties:
“ (a) To determine and cause to be carried out all policies and principles pertaining to the operations and selection of *399 library material of such city and county public library, and, subject to the provisions of section fifteen of this aef, fee exclusive power and authority to appoint and remove employees of such city and county public library, to fix and define their authority and duties, and to fix their salaries within the limits of available appropriations, such employees to include a competent director and deputy directors as provided in section fourteen of this act; * * *
“ (e) To continue and to manage, operate, supervise and oversee any library or libraries made a part of or placed under the jurisdiction of such city and county public library and to cause the services performed by any such library or libraries to be continued;
16 (f) To assume and take over the supervision, direction and management and the employment of all personnel of any library or libraries made a part of or placed under the jurisdiction of a city and county public library, subject only to the specific limitations hereinafter provided herein;
u (g) Generally to do, perform and carry out all the necessary, usual or customary acts and duties required by law and done and performed by trustees of libraries in the state of New York; * * *
“ (i) To promulgate and enforce rules and regulations for the conduct of its business.”
“ § 5. The board of trustees of any city and county public library shall submit annually a budget request to the comptroller or other fiscal officer of the county in such form and at such time as may be from time to time required by the comptroller or other fiscal officer.”
“ § 15. [subd.] 3. * * * The board of trustees of any city and county public library may abolish unnecessary offices or positions. It may transfer employees from one position to another or change the title or designation of employment, in accordance with the civil service rules with the approval of the personnel officer or similar authority of any county.”
The Board of Regents of the University of the State of New York may, by an instrument under their seal and recorded in their office, incorporate any library (Education Law, § 216) and dissolve the same. (Ibid., § 219.) Their grant of an absolute charter to the Board in August, 1953, is still valid.
Section 201 (Definitions) of article 14 of the Civil Service Law (Public Employees’ Fair Employment Act [The Taylor Act], as added by L. 1967, ch. 392) provides, in part; “ As used in this article: * * * 7. The term 6 governments or 4 public employer ’ means (a) the state of New York, (b) a county *400 * * * or (f) any other public corporation, agency or instrumentality or unit of government which exercises governmental powers under the laws of the state.”
‘ ‘ Public employees shall have the right to be represented by employee organizations to negotiate collectively with their public employers in the determinations of their terms and conditions of employment, and the administration of grievances thereunder.” (Ibid., § 203.)
Here, plaintiff is a municipal corporation (General Corporation Law, § 3, subd. 2) whereas the Board is a public benefit corporation. (Ibid., subd. 4.) The Librarians are public employees of the Board, not of the plaintiff.
An employee is one who works under the supervision and direction of his employer who controls the manner in which the work is done; the sine qua non being control. (Matter of Morton, 284 N. Y. 167, 172; Matter of Sullivan Co., 289 N. Y. 110, 112; People ex rel. Feinberg v. Chapman, 274 App. Div. 715, 718; Matter of Hardy v. Murphy, 29 A D 2d 1038, 1039. See, also, Matter of Basin St. [Lubin], 6 N Y 2d 276, 278.)
The Librarians are exclusively supervised and directed by the Board which controls not only their work, but also their appointment, removal, authority, duties, and salaries within limits of available appropriations.
The Library is not a branch of the county government, but is a distinct and separate corporation, receiving budgetary contribution from the county, like other educational agencies. (See Matter of Brooklyn Public Library v. Craig, 201 App. Div. 722, 723; Brooklyn Public Library v. City of New York, 250 N. Y. 495, 499; La Marca v. Brooklyn Public Library, 256 App. Div. 954.)
The Board may be likened to a Board of Education. 0
“If there is one public policy well-established in this State it is that public education shall be beyond control by municipalities and politics.” (Matter of Divisich v. Marshall, 281 N. Y. 170, 173.) “ Although members of a Board of Education in a city perform tasks generally regarded as connected with local government, they are officers of an independent corporation separate and distinct from the city, created by the State for the purpose of carrying out a purely State function and are not city officers within the compass of the Constitution’s home rule provisions.” (Lanza v. Wagner, 11 N Y 2d 317, 326, app. dsmd. 371 U. S. 74.) For example: “ The board of education of the city of Buffalo is a corporation # * # It has charge of the public school system of such city, with sole and exclusive authority to employ superintendents and teachers and fix their *401 salaries.” (Matter of Fuhrmann v. Graves, 235 N. Y. 77, 80.) The grant of such powers to the board of education negatives authority in the municipality to exercise like powers. (People ex rel. Wells & Newton Co. v. Craig, 232 N. Y. 125, 135.)
It follows that the Library is the public employer of the Librarians and summary judgment should be and hereby is granted. Plaintiff is enjoined from negotiating collectively with the Civil Service Employees Association, as Librarians’ representative.