■ MURIEL PORTNOW et al., Appellants, v SHELTER ROCK PUBLIC LIBRARY, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so

much of an order of the Supreme Court, Nassau County (Robbins, J.), dated September 13, 1985, as denied that branch of their motion which requested leave to serve a supplemental bill of particulars, and (2) so much of an order of the same court, entered November 7, 1985, as granted the defendant's motion for reargument, denied that branch of the plaintiffs' prior motion which was to increase the ad damnum clause and vacated so much of the order dated September 13, 1985, as granted that relief.

Ordered that the order dated September 13, 1985, is reversed insofar as appealed from, and the plaintiffs' proposed supplemental bill of particulars is deemed served; and it is further,

Ordered that the order entered November 7, 1985, is modified by adding a provision thereto that the plaintiffs' application to increase the ad damnum clause is denied without prejudice to renewal of the application upon proper papers. As so modified, the order entered November 7, 1985, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs' supplemental bill of particulars alleged no new injuries, and therefore they were entitled to serve the defendant with it as a matter of right up to 30 days before trial (CPLR 3043 [b]). We find the plaintiffs' amendment of the notice of claim to include head injuries within the 90-day statutory notice period was proper (see, General Municipal Law § 50-e [2]). Moreover, the head injuries appeared in the original bill of particulars and, thus, in the supplemental bill, did not constitute an allegation of new injuries.

With regard to the plaintiffs' application to increase the ad damnum clause, they were required to submit a physician's affidavit (see, Dolan v Garden City Union Free School Dist., 113 AD2d 781, 785; Brennan v City of New York, 99 AD2d 445). If they be so advised, they may renew the application based upon an affidavit which should pertain "to a recent physical examination of the [injured] plaintiff, specifying the change or deterioration of [her] condition, the injuries which had not been considered previously or the extent to which [her] condition has been aggravated" (Brennan v City of New York, supra, at p 446). In addition, "since [the injured] plaintiff claims an undervaluation of the original ad damnum, sufficient factual and medical support should be furnished to afford the court an opportunity to render an informed determination that the original amount demanded is now insuffi-

cient and that a re-evaluation is necessary" *(Brennan v City of New York, supra,* at p 446). Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.