■ THERESA MARTIN, Respondent, v MAIMONIDES MEDICAL CENTER, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Levine, J.), dated September 4, 1985, which granted the plaintiff's motion pursuant to CPLR 325 (b) to remove the action from the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County, and for leave pursuant to CPLR 3025 (b) to serve an amended complaint increasing the ad damnum clause.

Ordered that the order is reversed, with costs, the plaintiff's

motion is denied, and the matter is remitted to the Civil Court of the City of New York, Kings County, for further proceedings consistent herewith.

In *Dolan v Garden City Union Free School Dist.* (113 AD2d 781, 784-785), this court set forth the two requirements which must be satisfied in order for a plaintiff to be entitled to increase the ad damnum clause of the complaint. Firstly, the plaintiff's motion papers must demonstrate the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which had recently come to the plaintiff's attention *(see also, London v Moore,* 32 AD2d 543). Secondly, the motion papers must include a physician's affidavit or affirmation establishing a "causal connection between the injury and a consistent course of treatment for the accident-caused injuries" *(Dolan v Garden City Union Free School Dist., supra,* at p 785). The plaintiff has failed to offer any reason for her delay of approximately five years before seeking the instant relief. Moreover, it does not appear that the requested increase was warranted by reason of facts which had recently come to the plaintiff's attention. In fact, the record indicates that the full extent of the plaintiff's injuries was diagnosed by her physician following surgery in 1980.

In view of the foregoing, we conclude that the Supreme Court, Kings County, abused its discretion in granting the motion to increase the ad damnum clause and to remove the action to the Supreme Court, Kings County. Accordingly, the matter is remitted to the Civil Court of the City of New York, Kings County. Mollen, P. J., Bracken, Lawrence and Kooper, JJ., concur.