■ Neville Coerbell, Appellant, v City of New York,

Defendant and Third-Party Plaintiff-Respondent, and PARKING VIOLATION BUREAU OF THE CITY OF NEW YORK et al., Respondents. SCHAFFER LEASING et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated July 15, 1986, as, upon granting reargument, adhered to its original determination made in an order of the same court, dated January 6, 1986, which denied his motion for leave to serve an amended complaint increasing the ad damnum clause and to transfer the action from the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County.

Ordered that the order is affirmed insofar as appealed from, with costs.

Our review of the record discloses that the court properly exercised its discretion in denying the plaintiff's motion for leave to serve an amended complaint increasing the ad damnum clause and to transfer the case from the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County. In order to establish entitlement to that relief, the plaintiff's motion papers must demonstrate the merits of the case, the reasons for the delay, and that the increase is warranted by reason of facts which had recently come to the plaintiff's attention (*see, Dolan v Garden City Union Free School Dist.,* 113 AD2d 781, 784-785). Secondly, the motion papers must include a physician's affidavit or affirmation establishing "a causal connection between the injury and a consistent course of treatment for accident-caused injuries" (*Dolan v Garden City Union Free School Dist., supra,* at 785).

At bar, the alleged exacerbation of the plaintiff's injuries, for which the instant relief is requested, occurred approximately two years prior to plaintiff's motion. Moreover, several months after the plaintiff allegedly suffered this deterioration in condition, his attorneys stipulated to transfer the case from the Supreme Court to the Civil Court and to decrease the ad damnum clause from $100,000 to $25,000. The only excuse offered by the plaintiff for his execution of the stipulation and for the subsequent delay in making the present application is that he failed to communicate with his attorneys during the period in question.

In view of the foregoing, it is apparent that the plaintiff has failed to establish that the increase is warranted by facts which have recently come to his attention (*see, Martin v Maimonides Med. Center,* 125 AD2d 455). In any event, the plaintiff has established no grounds upon which he would be

entitled to relief from the terms of the stipulation by which he specifically agreed to transfer the case to the Civil Court and to decrease the ad damnum clause. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.