■ CHARLES SYLVESTER et al., Appellants, v GEORGE STEPHENS et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated July 10, 1987, as, *inter alia,* denied their motion for leave to amend the verified complaint to increase the ad damnum clause, and to assert a separate cause of action for punitive damages against the defendant Gould, Inc. The appeal brings up for review so much of an order of the same court, dated October 8, 1987, as, upon reargument, substantially adhered to the original determination *(see,* CPLR 5517).

Ordered that the appeal from the order dated July 10, 1987,

is dismissed as that order was superseded by the order dated October 8, 1987, made upon reargument; and it is further,

Ordered that the order dated October 8, 1987, is modified by adding the language "without prejudice to renewal upon proper papers" to the provision denying the plaintiff's request to increase the ad damnum clause and by adding the language "without prejudice to renewal in the proper form" to the provision denying the plaintiffs' request to assert a claim for punitive damages; as so modified, the order dated October 8, 1987, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to amend the complaint to increase the ad damnum clause. The record demonstrates that the motion was accompanied by only a two-page hospital emergency room report and failed to include the affidavit of a physician regarding the nature, severity, permanency and causation of the injuries *(see, Portnow v Shelter Rock Pub. Lib.,* 125 AD2d 382; *Dolan v Garden City Union Free School Dist.,* 113 AD2d 781; *Beras v Beras,* 82 AD2d 843). Moreover, the plaintiffs' motion papers failed to include "sufficient factual and medical support" *(Brennan v City of New York,* 99 AD2d 445, 446; *see, Portnow v Shelter Rock Pub. Lib., supra)* to explain the basis for the requested increase in the amount of damages being sought. Nor did the papers contain an affidavit setting forth a reasonable explanation for the plaintiffs' delay in seeking the amendment *(see generally, Arrieta v E-Z Tech.,* 138 AD2d 657; *Coerbell v City of New York,* 132 AD2d 514). However, in keeping with the liberal policy permitting the amendment of pleadings under appropriate circumstances, we have modified the Supreme Court's denial of this request by making it without prejudice to renewal upon proper papers.

Similarly, the Supreme Court acted properly in denying that branch of the plaintiffs' motion which was for leave to amend the complaint to add a separate cause of action for punitive damages. It is well settled that "punitive damages may not be sought as a separate cause of action" *(Weir Metro Ambu-Service v Turner,* 57 NY2d 911, 912; *see, Perricone v City of New York,* 96 AD2d 531, *affd* 62 NY2d 661). A demand for punitive damages may, however, be pleaded as one of several types of damages sought with respect to a legally cognizable cause of action against a defendant. In view of this pleading defect, we modify the denial of this request so that it is

without prejudice to renewal in the proper form. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.