■ RAMLOCHAN SIRJU, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In an action to recover damages for personal injuries arising out of an automobile collision, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated February 28, 1989, as, upon reargument of his motion for leave to serve an amended complaint with an increased ad damnum clause and to remove the action from the Civil Court, Kings County, to the Supreme Court, Kings County, adhered to its prior determination made in an order dated November 30, 1988, denying the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, this appeal is procedurally proper, inasmuch as it is an appeal from an order granting reargument and adhering to a prior order rather than to a prior *decision (cf., Harris v Harris,* 154 AD2d 438; *Matter of A&S Transp. Co. v County of Nassau,* 154 AD2d 456).

Turning to the merits, we find that the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion to amend the complaint to increase the ad damnum clause and to remove the case to the Supreme Court, Kings County. The plaintiff has failed to establish that the requested increase in damages from $25,000 to $1,000,000 is

warranted by facts which have only recently come to his attention *(see, Coerbell v City of New York,* 132 AD2d 514; *Martin v Maimonides Med. Center,* 125 AD2d 455; *Dolan v Garden City Union Free School Dist.,* 113 AD2d 781). Rather, the record indicates that the amendment he seeks is premised upon injuries of which he became aware some three years before he made the instant motion *(see, e.g., Martin v Maimonides Med. Center, supra),* and there is no evidence indicating that he underwent any recent physical examination or testing which revealed additional injuries or aggravation of injuries which were previously known *(see, Portnow v Shelter Rock Pub. Lib.,* 125 AD2d 382). Moreover, the plaintiff has presented neither a reasonable and acceptable explanation for his delay in seeking the amendment *(see, Sylvester v Stephens,* 148 AD2d 523; *Coerbell v City of New York, supra)* nor an adequate demonstration of the merits of his case *(see, Martin v Maimonides Med. Center, supra; Dolan v Garden City Union Free School Dist., supra).* Finally, the medical affidavit submitted by the plaintiff fails to describe any "consistent course of treatment for the accident-caused injuries" *(Dolan v Garden City Union Free School Dist., supra,* at 785; *see, Coerbell v City of New York, supra).* Under these circumstances, his renewed motion was properly denied. Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.