BUFFALO AND ERIE COUNTY PUBLIC LIBRARY, Appellant-Respondent, v COUNTY OF ERIE, Respondent-Appellant.

Fourth Department, November 15, 1991

### APPEARANCES OF COUNSEL

*Kennedy, Stoeckel & Martin, P. C. (Patrick Martin* of counsel), for appellant.

*Patrick H. Nemoyer, County Attorney (Alan Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

BALIO, J.

The Buffalo and Erie County Public Library (Library) commenced this action against the County of Erie for a judgment declaring the powers and duties of the parties pertaining to the management and fiscal control of the Library. Following joinder of issue, the Library moved, and the County cross-moved, for summary judgment. Supreme Court essentially concluded that the Library was subject to the fiscal control of the County and, with one minor exception, granted the County's cross motion. We reverse.

The Library, a consolidation of several public and private libraries, was established by the County of Erie and chartered by the State University Board of Regents in 1953 pursuant to chapter 768 of the Laws of 1953 (McKinney's Uncons Laws of NY §§ 6211-6227). The charter incorporates the Library as a "free public library" and provides that it "shall be administered" by a board of trustees "selected and appointed in accordance with the provisions of said chapter [768 of the Laws of 1953] and the Education Law."

The 1953 Act (McKinney's Uncons Laws of NY §§ 6211-6227; L 1953, ch 768) authorizes counties to establish a "city and county public library" and to appropriate such sums as may be necessary for their operation (McKinney's Uncons Laws of NY § 6211). The Act confers upon the Library Board of Trustees the exclusive power and duty to possess, use, insure, protect and maintain all real and personal property conveyed or transferred to it or placed within its jurisdiction; to appoint and remove employees and to fix their salaries *within* the limits of available appropriations; to appoint a director and such deputy directors as it determines; and to manage and operate the Library and its personnel (McKin-

ney's Uncons Laws of NY §§ 6214, 6224). Under the statutory scheme, "[t]he Library is not a branch of the county government, but is a distinct and separate corporation, receiving budgetary contribution from the county, like other educational agencies" *(County of Erie v Board of Trustees,* 62 Misc 2d 396, 400, *affd* 35 AD2d 782, *lv denied* 28 NY2d 483; *see also, Brooklyn Pub. Lib. v City of New York,* 250 NY 495, 499; *Matter of Brooklyn Pub. Lib. [Craig],* 201 App Div 722, *lv denied* 202 App Div 815).

The present dispute was precipitated by the implementation of several procedures by the County Executive and other County personnel which, in the view of the Library Trustees, interfered with their exclusive authority to manage the Library. For example, the County insisted that requests for Library personnel appointments be submitted on County personnel forms and that no appointment could take effect without the prior approval of the County Executive. The County also required that a portion of the Library's annual appropriation not be spent and that the unspent portion be turned over to the County for its own use. Additionally, the County refused to allow the Trustees to spend any appropriated funds remaining at the end of a fiscal year upon the ground that such funding lapses and refused to permit the Trustees to reallocate funds from one budget line item to another even where it meant the permanent loss of part of the Library's appropriation. The Library contends that, because it is an entity separate from the County and its Board of Trustees has sole management powers over the Library, those fiscal and administrative controls implemented by the County interfere with the exclusive management and supervision powers of the Library Board and violate the 1953 Act and the Education Law. The County asserts that its implementation of fiscal and administrative controls is authorized by section 6215 of McKinney's Unconsolidated Laws of NY.

The Library concedes that it is obliged, pursuant to that section, to comply with the County's procedures for submission of its annual budget request and that its finances are subject to audit by the County Comptroller. The dispute between the parties, however, centers on the interpretation of that portion of the section which provides that "[t]he appropriation of all moneys by the board of supervisors or other governing body of any county, its payment to, and its use and expenditure and accounting therefor by the city and county library * * * shall in all respects be subject to and governed

by the provisions of the budget or fiscal laws applicable to such county" (McKinney's Uncons Laws of NY § 6215). The County maintains that this provision authorizes it to exercise fiscal and administrative control over the Library. That position, however, is inconsistent with other provisions of the 1953 Act which unambiguously vest exclusive management control in the Library Board of Trustees. In our view, the provision merely requires the Library, as a public corporation, to abide by the same budget and fiscal restraints that are applicable to all counties in the same position as the County of Erie. That latter interpretation is consistent with the plain language of the statute and also gives effect to the general principle of statutory construction that, where possible, courts should avoid an interpretation that would place provisions of the same statute in irreconcilable conflict (see, McKinney's Cons Laws of NY, Book 1, Statutes § 98; *Matter of Honeoye Cent. School Dist. v Berle,* 72 AD2d 25, 35, *affd* 51 NY2d 970). Further, our interpretation is consistent with that provision of section 259 of the Education Law which requires that Library moneys be kept by the County Treasurer in a separate fund, or upon written demand of the Board of Trustees, be turned over to the Library treasurer. That interpretation also is in accord with a consistent line of decisions by the State Comptroller regarding the power of a public library to use, expend and invest funds that have been appropriated to it (see, 1988 Opns St Comp No. 88-76; 1986 Opns St Comp No. 86-54; 1983 Opns St Comp No. 83-96; 1983 Opns St Comp No. 83-32; 1982 Opns St Comp No. 82-84; 1980 Opns St Comp No. 80-260).

Accordingly, plaintiff should be granted judgment declaring that the Library is not a County department, but is a distinct and separate corporation chartered by the State University Board of Regents; that the Library, not the County, has the power and duty to determine and carry out all policies and principles pertaining to operations of the Library; that Library trustees have the exclusive power and duty to use Library property and to appoint, manage and control Library personnel, including the power to fix the salaries of such personnel within the available appropriation; that the County may not interfere with the proper exercise of the Trustees' power to appoint personnel; that upon adoption of the County budget, the County share of the Library appropriation constitutes a fund for Library purposes, and the use and expenditure of the available appropriation is within the exclusive management and control of the Library Trustees, subject to

the audit powers of the County Comptroller and subject to those fiscal laws applicable to the expenditure of public funds generally; that New York State library aid to the Library pursuant to sections 272 and 273 of the Education Law, local revenues generated by activities of the Library, and the County share of the final appropriation is the property of the Library and must be kept and maintained in a separate fund subject to the exclusive use of the Library Trustees upon the submission of appropriate vouchers, or, upon written demand of the Trustees, to be paid over to the Library treasurer; that the County may not "pre-encumber", impound or otherwise interfere with the Trustees' use and expenditure of Library funds, except, however, that the Legislature may, by appropriate resolution, reduce the Library's appropriation pursuant to section 1806 of the Erie County Charter; that unexpended funds from the Library appropriation in any fiscal year remain the separate property of the Library and do not lapse; and that, to the extent consistent with the foregoing declarations, the Library is not subject to the Erie County Administrative Code.

CALLAHAN, A. P. J., DENMAN, GREEN and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, with costs, and judgment granted in accordance with an opinion by BALIO, J.