■ In the Matter of BARBARA BEERS, Appellant, v INCORPORATED VILLAGE OF FLORAL PARK et al., Respondents. [691 NYS2d 546] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent Floral Park Public Library to reinstate the petitioner to her position of part-time clerk and an action to recover damages pursuant to 42 USC § 1983, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered March 12, 1998, which granted the motion of the respondent Floral Park Public Library and the cross motion of the respondent Incorporated Village of Floral Park for summary judgment, denied the petition, and dismissed the proceeding/action.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the respondent Floral Park Public Library which was for summary judgment dismissing the first cause of action insofar as asserted against it and dismissing the first cause of action against that respondent and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof granting the cross motion of the Incorporated Village of Floral Park for summary judgment and dismissing the proceeding/action insofar as asserted against it and substituting therefor a provision denying the cross motion; as so modified, the order and judgment is affirmed, without costs or disbursements.

The petitioner was a part-time clerk in the Floral Park Public Library (hereinafter the Library) who contends that she was terminated without a hearing. She originally commenced this hybrid proceeding/action only against the Incorporated Village of Floral Park (hereinafter the Village), but subsequently moved for and was granted leave to serve an amended petition asserting a claim against the Library, more than four months after she stopped working at the Library. After issue was joined, the Library moved and the Village cross-moved for summary judgment.

The Village contends that the petition must be dismissed insofar as asserted against it because the Library is not an agency or department of the Village. A public library is an educational corporation chartered by the New York State Board of Regents empowered with the responsibility to hire, fire, and pay its employees (*see,* Education Law §§ 216, 226 [7]; § 260 [1] [2]; 1981 Opns St Comp 81-431). Thus, under the statutory

scheme, a public library is separate and distinct from the municipality that created it (*see, Dow v Board of Trustees,* 75 AD2d 632, 633; *Matter of Queens Borough Pub. Lib. v Public Empl. Relations Bd.,* 104 AD2d 993, *affd* 64 NY2d 1099; 1 Opns Educ Dept 755; 1961 Opns Atty Gen 105; *cf., Buffalo & Erie County Pub. Lib. v County of Erie,* 171 AD2d 369, 372, *affd* 80 NY2d 938; *but see,* 9 Opns St Comp 126; 1940 Atty Gen [Inf Opns] 170). However, the relationship between the municipality and the public library may be varied by contract, express or implied (*cf., Brooklyn Pub. Lib. v City of New York,* 250 NY 495). Here, the petitioner's evidence that the Village offered her a comparable clerk's job and sent her a notice directing her to appear on a date certain for employment with the Village, as well as the Village's admission in its original answer that it employed the petitioner, creates a triable issue of fact as to whether the Village assumed responsibility for the Library's employees, and concomitantly, whether the Village is responsible for the petitioner's termination. Accordingly, the Supreme Court should not have granted the Village's cross motion for summary judgment.

The Library contends that the proceeding is untimely insofar as asserted against it. The petitioner's primary contention is that the Library should be estopped from asserting the defense that the proceeding is barred by the four-month Statute of Limitations (*see,* CPLR 217) because she was misled to believe that the Village was her employer. Nevertheless, the petitioner knew that she worked in the Library and that the Library functioned separately through a board of trustees. Thus, it was unreasonable to rely upon the representations of the Village's attorneys (*see, Danann Realty Corp. v Harris,* 5 NY2d 317, 322). Additionally, the petitioner's contention that she is entitled to the six-year Statute of Limitations governing actions for declaratory judgments or that her termination is a continuing wrong are without merit (*see, Matter of De Milio v Borghard,* 55 NY2d 216; *Solnick v Whalen,* 49 NY2d 224). However, the petitioner's first cause of action under 42 USC § 1983 is timely because the Statute of Limitations for that cause of action is three years (*see,* CPLR 214 [5]; *423 S. Salina St. v City of Syracuse,* 68 NY2d 474, *cert denied* 481 US 1008; *cf., Collard v Kentucky Bd. of Nursing,* 896 F2d 179), and contrary to the Library's contention, the petitioner's assertion that she was deprived of a hearing presents a substantive due process claim (*see, Carter v Western Reserve Psychiatric Habilitation Ctr.,* 767 F2d 270). Accordingly, the Supreme Court should not have dismissed the petitioner's first cause of action insofar as asserted against the Library. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.