[789 NYS2d 511]

Margaret M. Bovich, Appellant, v East Meadow Public Library, Respondent.

Second Department, February 7, 2005

## APPEARANCES OF COUNSEL

*Rosenthal Curry & Kranz, LLP*, East Meadow (*Patrick W. Curry* of counsel), for appellant.

*Hoffman & Behar, LLP*, Mineola (*Warren S. Hoffman* of counsel), and *Mischel, Neuman & Horn, PC*, New York City (*Scott T. Horn* of counsel), for respondent.

## OPINION OF THE COURT

S. MILLER, J.

This appeal presents the opportunity to resolve an issue of municipal law that has not heretofore been explicitly addressed by any court of this state. Before suing a public library in tort for damages for personal injury, must the plaintiff comply with the notice of claim requirements of General Municipal Law § 50-e ? We answer this question, as did the Supreme Court, in the affirmative. Having done so, however, we reverse the order dismissing the complaint insofar as appealed from, because we hold, contrary to the Supreme Court, that under the circumstances of this case, the plaintiff's cross motion for leave to serve a late notice of claim should have been granted.

### Factual Background

On March 7, 2002, the plaintiff Margaret M. Bovich, then 86 or 87 years of age, tripped over an allegedly uneven sidewalk slab near the entrance to the defendant East Meadow Public Library (hereinafter the library). The plaintiff fell on her right side and fractured her right hip. At least one library employee came to the plaintiff's aid, helped her to a chair, and called for an ambulance. The plaintiff was hospitalized and incapacitated for at least one month following her injury; her fractured hip required surgical repair.

On or about July 13, 2002, the library had repairs performed on the uneven concrete near its entrance. The plaintiff became aware of this in August 2002 and decided to consult an attorney.

She met with her present counsel on August 6, 2002. By letter dated August 8, 2002, counsel notified the library of the plaintiff's claim, asking that the matter be referred to the library's insurer for settlement. The library's insurer, however, disclaimed coverage due to the library's alleged failure to give it prompt notice of the claim. Thereafter, counsel for the library wrote to the plaintiff's counsel, advising, in substance, that because the plaintiff had never served a notice of claim, the library bore no liability. The plaintiff commenced this action in or about January 2003 seeking to recover damages due to the library's negligence.

### Procedural Background

By notice of motion dated February 11, 2003, the library moved, pursuant to CPLR 3211 and General Municipal Law § 50-e (1) (a), to dismiss the action due to the plaintiff's failure to serve a notice of claim. In support, defense counsel argued, among other contentions, that the library was a "public entity" which, pursuant to General Municipal Law §§ 50-e and 50-i, could not be sued unless served with a timely notice of claim. Since the plaintiff had not served a notice of claim prior to commencing suit, and had not sought permission to serve a late notice of claim, the library concluded that her action could not be maintained.

On or about February 27, 2003, the plaintiff opposed the library's motion, and cross moved for leave to serve a late notice of claim in the event the court determined that a notice of claim was in fact a condition precedent to suit against a public library. Addressing the library's motion, the plaintiff argued that the library was not a "municipal corporation" as defined by General Construction Law § 66 (2), but was a "district corporation" as defined by General Construction Law § 66 (3). Citing *Matter of Maik v Massapequa Lib. Bd. of Trustees* (46 Misc 2d 159 [1965]), the plaintiff posited that the issue of whether a notice of claim was a condition precedent to suit against a public library was "an open question" that had not heretofore been decided. The plaintiff argued that General Municipal Law § 50-e only required the service of a notice of claim "where a notice of claim is required by law as a condition precedent" to suit (General Municipal Law § 50-e [a] [1]), and insofar as no statute expressly required the service of a notice of claim as a condition precedent to suit against a public library, then General Municipal Law § 50-e did not require a notice of claim as a condition precedent to suit herein.

In the alternative, the plaintiff asked for leave to serve a late notice of claim. The plaintiff averred that after her accident, she was aided by library employees, who called for an ambulance and attended to her until medical aid arrived. Furthermore, the plaintiff pointed out, during the summer of 2002 the library repaired the uneven concrete near the entrance where she fell. In the memorandum of law in support of the cross motion, the plaintiff's counsel asserted that library employees had compiled a written report of the accident. Thus, the plaintiff averred, the library had actual notice of the facts underlying her claim and would not be prejudiced by the service of a late notice of claim. Furthermore, counsel pointedly argued that in the absence of any statute expressly requiring the service of a notice of claim as a condition precedent to a suit against the library, the plaintiff's failure to do so within 90 days after her fall was even more excusable. These reasons, along with her postaccident hospitalization, the plaintiff asserted, sufficed to warrant the granting of her cross motion for leave to serve a late notice of claim. A proposed notice of claim, dated February 27, 2003, was submitted with the cross motion.

In response to the plaintiff's cross motion, the library submitted opposition papers dated April 28, 2003, and a second motion to dismiss the complaint, this one pursuant to CPLR 3211 (a) (10) for failure to join a necessary party. Central to both the library's opposition to the plaintiff's cross motion and its new motion was the library's alleged recent discovery that it was not the owner of its premises, but that the actual owner of the property where the plaintiff fell was the East Meadow School District (hereinafter the district), which provided the facilities to the library at no charge. Whereas in the new motion the library thus argued that the district should be the sole party to defend against the plaintiffs' claims, in its opposition papers the library argued, in essence, that the library was a creation of, and was funded by, the district, and as such, was a "municipal corporation through its inherent link to the . . . District," and was, like the district, thus covered by notice of claim requirements. Indeed, the library asserted that "[p]ublic libraries have never been deemed a public corporation exempt from the service of a [n]otice of [c]laim requirement."

To bolster this argument, the library cited *Portnow v Shelter Rock Pub. Lib.* (125 AD2d 382 [1986]) where the plaintiff was permitted to *amend* her notice of claim, and *Skay v Public Lib. of Rockville Ctr.* (238 AD2d 397 [1997]) where this Court af-

firmed an order, inter alia, denying a motion for leave to amend a notice of claim, both suits being against public libraries. The library suggested that notice of claim requirements were an "accepted facet" of litigation against public libraries.

On the issue of prejudice, the library charged that it had actually been greatly prejudiced by the plaintiff's failure to serve a timely notice of claim. Because she had not done so, the library had not provided timely notice to its liability insurer which had disclaimed coverage as a result. As such, and in the absence of an excuse for the extensive delay in seeking leave, the library argued that the plaintiff's cross motion for leave to serve a late notice of claim should be denied, and the library's motion to dismiss due to the plaintiff's failure to serve a timely notice of claim, should be granted.

In reply, the plaintiff reiterated the argument that a notice of claim was not a condition precedent to suit against a public library, but if the court disagreed, then her cross motion should be granted because the library received contemporaneous actual notice of the plaintiff's accident and compiled a written incident report. Furthermore, in response to the library's claim that the plaintiff's failure to serve a timely notice of claim was prejudicial because this directly led the library's insurer to disclaim coverage, the plaintiff argued that the relevant inquiry was whether the library would be prejudiced in defending against the plaintiff's claims on the merits, not whether its insurer had disclaimed coverage. Because it received actual contemporaneous notice, the library was not genuinely prejudiced. Accordingly, the plaintiff asked that her cross motion be granted, and the library's motion to dismiss for failure to serve a timely notice of claim, be denied.

Upon the foregoing papers, the Supreme Court determined that the library was indeed a public corporation, and thus the General Municipal Law precluded the plaintiff's suit absent the service of a notice of claim. The court determined that the plaintiff had not established the existence of a reasonable excuse for her failure to serve a timely notice of claim, and thus it denied her cross motion for leave to serve a late notice of claim and granted the library's motion to dismiss on this basis.[1] The plaintiff appeals.

---

1. The court also denied the library's second motion, concluding that it had not demonstrated that the district was a necessary party.

## Notice of Claim Requirements and Public Libraries

The library accurately observed that "[p]ublic libraries have never been deemed a public corporation exempt from the service of a [n]otice of [c]laim requirement." It is equally accurate, however, to state that no statute or decisional law has expressly *included* public libraries to be among those entities which are entitled to service of a timely notice of claim as a condition precedent to suit. While the law is somewhat unclear insofar as public libraries are concerned, we are persuaded that a public library is a variety of public corporation such that it is entitled to the service of a notice of claim as a condition precedent to suit.

General Municipal Law § 50-e (1) (a) provides, in pertinent part, that in any case founded in tort where a notice of claim is required by law, such notice must be served within 90 days after the claim arises. General Municipal Law § 50-e does not, in and of itself, require the service of a notice of claim, but rather simply recognizes that when such a notice of claim is required by other pertinent laws, it must be served in accordance with the strictures of General Municipal Law § 50-e (*see Seyer v Schoen,* 6 AD2d 177, 180 [1958]). The explicit requirements of the service of a notice of claim come from a myriad of sources within the statutory law of this state. General Municipal Law § 50-i is perhaps the most far-reaching statute, as it requires the service of a notice of claim as a condition precedent to suit in virtually any tort action against a city, county, town, village, fire district, or school district (*see also* Court of Claims Act § 11; County Law § 52; Town Law § 67; CPLR 9801; Second Class Cities Law § 244; Education Law § 3813). Additionally, the Public Authorities Law and the Unconsolidated Laws contain numerous provisions requiring the service of a notice of claim as against a vast array of municipal entities (*see e.g.* Public Authorities Law §§ 569-a [claims against the Triborough Bridge and Tunnel Authority], 1017 [claims against the New York State Power Authority], 1212 [claims against the New York City Transit Authority], 1267 [claims against the Metropolitan Transportation Authority]; McKinney's Uncons Laws of NY §§ 7107 [L 1950, ch 301, § 7] [claims against the Port Authority of New York and New Jersey], 7401 [L 1969, ch 1016, sec 1, § 20, as amended] [claims against the New York City Health and Hospitals Corporation]), along with assorted other entities covered by other statutory provisions (*see e.g.* Arts and Cultural Affairs Law § 55.23 [claims against the Natural Heritage Trust]; ECL 21-1701 [claims against the Delaware River Basin Water

Commission]; Racing, Pari-Mutuel Wagering and Breeding Law §§ 514, 618 [claims against Regional and New York City Off-Track Betting Corporations, respectively]; Navigation Law § 49-a and PRHPL 25.24 [claims against the state for wrongful blood testing by one suspected of operating, respectively, a vessel or a snowmobile, under the influence of drugs or alcohol]). This list is only illustrative. Nowhere in the laws of this state, however, is there any provision expressly applying a notice of claim requirement to public libraries.

A search of the New York statutes database in Westlaw reveals 105 laws containing the term "public library." Not one defines exactly what type of corporation a public library is. The plaintiff contends that the library is a "district corporation . . . other than a municipal corporation" as defined by General Construction Law § 66 (3), but district corporations, by definition, possess the power to levy taxes. There is no evidence in the record that the library has the power to levy taxes. To the contrary, the record demonstrates that the library is dependent upon the district for its funding. While there is authority for the proposition that a public library is an "education corporation" (General Construction Law § 66 [6]; *see Matter of Beers v Incorporated Vil. of Floral Park,* 262 AD2d 315 [1999]), this does not mean that it cannot also be a municipal corporation. Public libraries clearly serve public functions at public expense.

There are many sound reasons to hold the plaintiff's suit against the library to be subject to notice of claim requirements under General Municipal Law § 50-i. As established in the library's second motion to dismiss for failure to join a necessary party, the library was created by the district pursuant to Education Law § 255. The real property upon which the library is situated is owned by the district and used by the library at no charge. The library's funding is provided by the district.[2] Under these circumstances, the library, while perhaps a distinct corporation, is so closely tied to the district by its purse-strings that the very rationale requiring a notice of claim as a condition precedent to suit against the district dictates that a notice of

---

2. Indeed, it appears that the district is the functional equivalent of an out-of-possession landlord, which would likely not be responsible for the defects in the concrete walkway over which the library, by its postaccident repairs, clearly exercised dominion and control (*see Knipfing v V&J, Inc.,* 8 AD3d 628 [2004]; *Garner v City of New York,* 6 AD3d 387 [2004], *lv denied* 3 NY3d 609 [2004]; *Ingargiola v Waheguru Mgt.,* 5 AD3d 732 [2004]; *Angerome v City of New York,* 237 AD2d 551 [1997]). Thus the district is not a necessary party.

claim should also be required as a condition precedent to suit against the library.

The plaintiff relies upon *Matter of Maik v Massapequa Lib. Bd. of Trustees* (46 Misc 2d 159 [1965], *supra*), which held that a notice of claim served on a board of education could not be amended to assert a claim against a public library because they are distinct entities. In dictum, the court observed that it was not clear that any notice of claim was even required as a condition precedent to suit against a public library, but that the parties had *assumed* the existence of such condition. It appears that similar assumptions were made in the cases upon which the library relies, *Portnow v Shelter Rock Pub. Lib.* (125 AD2d 382 [1986], *supra*) and *Skay v Public Lib. of Rockville Ctr.* (238 AD2d 397 [1997], *supra*), where issues were raised as to the propriety of amendments to notices of claim served upon public libraries. In neither of those cases, however, was the issue raised or decided as to whether a notice of claim was in fact required as a condition precedent to suit against a public library. Neither *Portnow* nor *Skay* provide any authority for the library's contentions (*see Matter of Curcio v Boyle*, 147 AD2d 194, 197 [1989]).

The library places great reliance upon the decision in *Donnelly v McLellan* (889 F Supp 136 [1995]), in which the United States District Court for the District of Vermont, applying New York law, held that a notice of claim requirement applicable to a county, also applied to its county public health service. In that medical malpractice action, the plaintiffs sued, inter alia, the defendant Washington County Public Health Service (hereinafter WCPHS) regarding allegedly negligent postbirth medical care. On the eve of trial, WCPHS moved to dismiss, arguing that it had never been served with a notice of claim; WCPHS argued that as an agency of Washington County, it was covered by General Municipal Law § 50-i, which requires a notice of claim as a condition precedent to suit against a county. The District Court agreed.

The District Court determined that under choice of law analysis, the case was to be decided in accordance with New York law. However, under New York law the precise issue before it had not been decided. Thus, the District Court undertook the task of making "a reasoned prediction concerning whether or not the New York Court of Appeals would apply [General Municipal Law § 50-i] to WCPHS" (*id.* at 140).

The District Court began by observing that New York courts had applied notice of claim requirements to municipal agencies in the past despite apparent statutory silence.[3] Of greater significance, the District Court examined the close fiscal ties between the WCPHS and Washington County to conclude that the two entities were so closely interconnected as to be virtually indistinguishable; the county was the real party in interest. The same is true herein.

As noted, the district created the library pursuant to Arts and Cultural Affairs Law § 61.05 and Education Law § 255. The funding for the library is provided by the district. The district provides the building in which the library is situated at no cost to the library. Indeed, it appears that the library is completely dependent upon the district for its very existence. Under these circumstances, we hold that just as a suit against the district, a municipal corporation (General Construction Law § 66 [2]), may not be brought absent the service of a notice of claim, so too is the library a variety of municipal corporation entitled to the protection of the notice of claim requirements of General Municipal Law § 50-i (*cf. Sarmie v Mohawk Val. Gen. Hosp.*, 75 AD2d 1012 [1980]).

## Leave to Serve a Late Notice of Claim

Having determined that a notice of claim was required as a condition precedent to suit, we further hold that the Supreme Court improvidently denied the plaintiff's cross motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). In determining whether to grant an application for leave to serve a late notice of claim, General Municipal Law

---

**3.** This part of the District Court's analysis is suspect. In *Giblin v Nassau County Med. Ctr.* (61 NY2d 67 [1984]) the plaintiff applied for permission to serve late notices of claim on both the county and the Medical Center; the Court of Appeals did not deem a notice of claim requirement as to one entity to apply to the other. The District Court also appears to have misread *Davidson v Bronx Mun. Hosp.* (64 NY2d 59 [1984]) as the issue therein was whether a summons and complaint, served within days after a claim accrued, could be considered a notice of claim. The Court of Appeals held that it could not. *Bacalokonstantis v Nichols* (141 AD2d 482 [1988]) is similarly inapposite. Moreover, the District Court was apparently unaware that notice of claim requirements do explicitly apply to some of the agencies cited. For example, the court cited *Robinson v New York City Hous. Auth.* (8 AD2d 747 [1959], *affd* 7 NY2d 908 [1960]) and *Matter of Negrone v New York City Tr. Auth.* (15 AD2d 676 [1962]) applying notice of claim requirements in suits against the New York City Housing Authority, and the New York City Transit Authority, apparently unaware that notices of claim are indeed required in suits against these agencies pursuant to Public Housing Law § 157 and Public Authorities Law § 1212.

§ 50-e (5) instructs a court to consider, among other factors, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; whether the claimant was physically incapacitated; whether the claimant demonstrated a reasonable excuse for the delay in serving a notice of claim; and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Matter of Nieves v Girimonte*, 309 AD2d 753 [2003]; *Matter of Morehead v Westchester County*, 222 AD2d 507 [1995]; *Matter of Duarte v Suffolk County*, 230 AD2d 851 [1996]). Consideration of these factors militates in favor of granting the plaintiff's cross motion.

It is uncontroverted that after her fall, the plaintiff was assisted by at least one identified library staff member, who helped her to a chair and called for an ambulance. It is also uncontroverted that an incident report was prepared. Thus, the library received contemporaneous actual notice of the facts underlying the plaintiffs' claim, and that her injuries were sufficiently serious as to warrant an investigation (*see Frith v New York City Hous. Auth.*, 4 AD3d 390 [2004]; *Matter of Russo v Monroe-Woodbury Cent. School Dist.*, 282 AD2d 465 [2001]; *Matter of Hayes v Peru Cent. School Dist.*, 281 AD2d 794 [2001]; *Johnson v New York City Tr. Auth.*, 278 AD2d 83 [2000]; *Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645 [2000]).

Secondly, the plaintiff, an octogenarian, fractured her hip and was physically incapacitated after her fall. The plaintiff underwent surgery and was hospitalized for a month. While the library faults the plaintiff for not serving a notice of claim with alacrity following her hospital discharge, it is reasonable to infer that the plaintiff's mobility remained limited for some time thereafter. It appears that only after she learned of the library's repair of the sidewalk in the summer of 2002 did the plaintiff first consult an attorney whom she apparently retained in August; he immediately sent a demand letter. And while counsel did not immediately serve a notice of claim or seek leave to serve a late notice until the library made its first motion to dismiss, the plaintiff had a very reasonable excuse for not serving a notice of claim sooner: there was no law explicitly requiring her to do so. While a plaintiff's ignorance of the law requiring the serving of a notice of claim is generally not an excuse for a late serving (*see Matter of Gofman v City of New York*, 268 AD2d 588 [2000]; *Matter of Hernandez v City of New York*, 259 AD2d 751 [1999]), here, there was no express law of

which to be ignorant. Rather than ignorance of law, the circumstances of the instant case are more closely analogous to a plaintiff's error in serving the wrong governmental entity, which mistake may be excusable if remedied promptly after discovery (*see Matter of Flynn v Town of Oyster Bay,* 256 AD2d 341 [1998]; *Matter of Harris v Dormitory Auth. of State of N.Y.,* 168 AD2d 560 [1990]). Here, as soon as the library first objected to the plaintiff's failure to serve a notice of claim, she cross-moved for permission to serve a late notice of claim. Thus, her error was remedied promptly.

The library did not demonstrate the existence of any genuine prejudice as a result of the late serving. The library's primary contention before the Supreme Court was that because of the plaintiff's failure to serve a timely notice of claim, it never notified its insurance carrier of her claim, and thus the carrier disclaimed coverage. However, the library's argument is unpersuasive. The library did not proffer a copy of its liability insurance policy, but generally, policies require insureds to provide notice of *potential* claims as soon as reasonably practicable (*see White v City of New York,* 81 NY2d 955 [1993]; *Yarar v Children's Museum of Manhattan,* 4 AD3d 420 [2004]; *M&N Mgt. Corp. v Nationwide Mut. Ins. Co.,* 307 AD2d 257 [2003]). The library knew that the plaintiff had fallen on its premises and had fractured her hip. The library had no reasonable belief of nonliability regardless of whether or not the plaintiff served a notice of claim in the first 90 days (*see White v City of New York, supra*). The library failed to notify its insurer at its peril, not because of the plaintiff's delay in serving a notice of claim.

Nor did the library demonstrate the existence of prejudice due to the fact that the uneven walkway was repaired in July 2002, before the plaintiff sought leave to serve a late notice of claim, because a contemporaneous investigation was undertaken at the time of the plaintiff's fall (*cf. Matter of Aguilar v Town of Islip,* 294 AD2d 358 [2002]). And to the extent that the library may be hindered in its efforts to prove that the sidewalk was not in a defective or dangerous state, the plaintiff will be equally hindered.

Accordingly, the order is reversed insofar as appealed from, on the facts and as a matter of discretion, the motion to dismiss is denied, the cross motion for leave to serve a late notice of claim is granted, and the notice of claim dated February 27, 2003, is deemed served.

ADAMS, J.P., COZIER and RIVERA, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, the motion to dismiss is denied, the cross motion for leave to serve a late notice of claim is granted, and the notice of claim dated February 27, 2003, is deemed served.