Matter of Eisenhauer v Watertown City Sch. Dist. (2022 NY Slip Op 04832)

Matter of Eisenhauer v Watertown City Sch. Dist.

2022 NY Slip Op 04832

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

236 CA 21-00813

[*1]IN THE MATTER OF JOHN W. EISENHAUER AND KATHLEEN ANNE MCGLYNN EISENHAUER, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
WATERTOWN CITY SCHOOL DISTRICT, WATERTOWN CITY SCHOOL DISTRICT BOARD OF EDUCATION, CITY OF WATERTOWN AND ROSWELL P. FLOWER MEMORIAL LIBRARY, RESPONDENTS-DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

TABNER, RYAN & KENIRY, LLP, ALBANY (WILLIAM F. RYAN, JR., OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS. 
THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS WATERTOWN CITY SCHOOL DISTRICT AND WATERTOWN CITY SCHOOL DISTRICT BOARD OF EDUCATION. 
SLYE LAW OFFICES, P.C., WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT CITY OF WATERTOWN.
WHITEMAN OSTERMAN & HANNA LLP, ALBANY (ELLEN M. BACH OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT ROSWELL P. FLOWER MEMORIAL LIBRARY. 

 Appeal from an amended judgment (denominated amended order) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered May 17, 2021 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The amended judgment, inter alia, dismissed the "[a]rticle 78 challenge". 
It is hereby ORDERED that the amended judgment so appealed from is unanimously modified on the law by granting judgment in favor of respondents-defendants Watertown City School District, Watertown City School District Board of Education, and Roswell P. Flower Memorial Library on the second cause of action as follows:
It is ADJUDGED and DECLARED that Proposition 1 is not null and void,
and as modified the amended judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) are homeowners who live within the boundary of respondent-defendant Watertown City School District (School District) but outside the boundary of respondent-defendant City of Watertown (City). Petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action against respondents-defendants (respondents) seeking, inter alia, to annul the results of the 2020 School District election to the extent that the voters approved Proposition 1, which imposed a new tax on real property within the School District for the purpose of raising money annually for respondent-defendant Roswell P. Flower Memorial Library (Library), a public library situated within the borders of the City. Prior to 2020, the Library was funded solely by the City. Proposition 1 was approved for the ballot by the School District and the Watertown City School District Board of [*2]Education (collectively, School District respondents); it was thereafter approved by voters, and the election was certified by the School District respondents.
Petitioners alleged in their petition-complaint (petition) that, inter alia, Proposition 1 is invalid and was improperly enacted in violation of the Library's authorizing legislation, the Education Law, article IX of the New York State Constitution, and the due process and equal protection clauses of the United States Constitution. The City, the Library, and the School District respondents each moved to dismiss the petition against them. Petitioners now appeal from an amended judgment that, in effect, granted respondents' respective motions and determined, as relevant here, that the City is not a proper party; that petitioners failed to exhaust their administrative remedies with respect to their claims that Proposition 1 was enacted in violation of the Library's authorizing legislation and the Education Law; and that, in any event, petitioners' challenges to the validity of Proposition 1 lacked merit.
We reject petitioners' contention that Supreme Court erred in granting the City's motion. The City established that petitioners failed to allege that it had any involvement in the approval, certification, or passage of Proposition 1 and that petitioners sought no specific relief against the City. Thus, the City established that it is not a proper party to the action (see generally CPLR 1001; Matter of Schulz v Town of Hopewell Zoning Bd. of Appeals, 163 AD3d 1477, 1478 [4th Dept 2018]).
Addressing next the motions of the Library and the School District respondents, we agree with petitioners that the court erred in determining that petitioners were required to exhaust their administrative remedies with respect to their claims that Proposition 1 was enacted in violation of the Library's authorizing legislation and the Education Law. In support of their contention that petitioners were required to exhaust administrative remedies, the Library and the School District respondents relied on Education Law
§ 2037, which provides that all "disputes concerning the validity of any . . . election . . . shall be referred to the commissioner of education for determination and . . . [t]he commissioner may in his [or her] discretion order a new . . . election" (emphasis added). Here, however, the validity of the election was not at issue. Rather, as relevant here, petitioners challenge the legality of the School District respondents' approval and certification of Proposition 1 and the validity of the proposition itself. We conclude that petitioners' claims involve pure questions of statutory analysis for which the exhaustion of administrative remedies is not required (see Matter of Between the Bread II v Urbach, 234 AD2d 724, 724 [3d Dept 1996]).
Nonetheless, we conclude that the court properly granted the motions of the Library and the School District respondents on the ground that petitioners' claims lack merit. Contrary to petitioners' contention, Proposition 1, which taxes City and non-City property to raise additional funds for the Library, does not violate the Library's authorizing legislation, chapter 620 of the Laws of 1901. Although the authorizing legislation requires the City to provide the Library with at least $5,000 annually, it does not foreclose other entities from providing the Library with additional funding (see L 1901, ch 620). Contrary to petitioners' further contention, we conclude that Proposition 1 does not violate the Education Law. Article 5 of the Education Law amply provides the School District respondents with the authority to levy, collect, and appropriate taxes to fund a public library and to submit a proposition to raise money for library purposes to the voters of the School District for approval (see
§§ 255, 259).
Petitioners also contend that Proposition 1 allows the City to shift a portion of the cost of operating the Library to taxpayers outside the City, thereby violating article IX of the New York State Constitution. We reject that contention. As relevant here, article IX provides that a local government "shall have the power to apportion its cost of a governmental service or function upon any portion of its area, as authorized by act of the legislature" (NY Const, art IX, § 1 [g]). The Library, however, is not a governmental service or function of the City, as demonstrated by the City's lack of control over the Library's expenditures or the decisions made by the Library's Board of Trustees. Indeed, as education corporations, public libraries are generally considered to be "separate and distinct from the municipalit[ies] that created [them]" (Matter of Executive Cleaning Servs. Corp. v New York State Dept. of Labor, 193 AD3d 13, 20 n 6 [3d Dept 2021] [internal quotation marks omitted]; see Matter of Beers v Incorporated Vil. of Floral Park, 262 AD2d 315, 315-316 [2d Dept 1999]; see also Buffalo & Erie County Pub. Lib. v County of Erie, [*3]171 AD2d 369, 372 [4th Dept 1991], affd 80 NY2d 938 [1992]).
We also reject petitioners' claim that Proposition 1 offends the equal protection clause of the United States Constitution. Taxing statutes enjoy a presumption of constitutionality in the face of equal protection challenges (see Trump v Chu, 65 NY2d 20, 25 [1985], appeal dismissed 474 US 915 [1985]). Although certain North Country residents outside the City and the School District may use the Library without directly supporting it by way of tax, that does not render the tax in Proposition 1 an example of the "hostile and oppressive discrimination against" School District taxpayers needed to sustain an equal protection challenge (id. [internal quotation marks omitted]). The Education Law has long empowered school districts to levy, collect, and appropriate taxes for the purpose of supporting public libraries (see generally §§ 255, 259), and petitioners failed to demonstrate how Proposition 1 treats them disparately from, for instance, City taxpayers who have supported the Library through their taxes for generations (see generally Trump, 65 NY2d at 25).
With respect to petitioners' due process concerns, we note that as eligible voters and School District residents, petitioners were afforded the opportunity to vote in the election in which voters approved Proposition 1. We therefore discern no reason to deviate from the well-settled proposition that the "Due Process Clause affords no immunity against mere inequalities in tax burdens, nor does it afford protection against their increase as an indirect consequence of a [government's] exercise of its political powers" (Gomillion v Lightfoot, 364 US 339, 343 [1960]).
We have considered petitioners' remaining contention and conclude that it is without merit. Inasmuch as the court failed to declare the rights of the parties in connection with petitioners' second cause of action, seeking a declaration that Proposition 1 is null and void, we modify the amended judgment accordingly by making the requisite declaration (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court